THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. JOHN B. CHENOWITH, DEFENDANT IN ERROR.

1. Plaintiff was struck by a street car, and, on the subject of contributory negligence, the trial judge charged, "the measure of the duty of the plaintiff in crossing a public highway, traversed by surface cars propelled by electricity, was to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances." *Held*, that it was not error in the judge, on request, to refuse to charge that, if the plaintiff acted in a certain manner under circumstances stated, it was liable.

2. How far the judge will apply the legal rule to the facts, is a matter of discretion.

3. It is not error to refuse a request to charge several propositions if any of them are bad.

On error to the Essex Circuit.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *Frederic W. Stevens.*

For the defendant in error, *Hayes & Lambert.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiff contends that while he was driving a truck belonging to the fire department of the city of Newark, he was run into by one of the trolley cars of the defendant, and thereby sustained severe personal injury. The jury rendered a verdict for the plaintiff, and the company now seeks, on this writ of error, to avoid the judgment that ensued such finding.

The errors assigned grew out of the refusal of the trial judge to charge the jury in accordance with certain requests of the counsel of the defendant. The legal propositions so rejected related, in the main, to the conduct that, as it was deemed, it was necessary for the plaintiff to have pursued

on the occasion of the accident, in order that he should be absolved from the imputation of contributory negligence.

It is not denied, nor could it be denied, that the judicial instruction to the jury on this subject was in all respects unobjectionable. But the complaint is that the judge refused to particularize as to what the plaintiff was bound to do under the admitted conditions of the case. As exceptions of this character are becoming quite common, it will not be time misspent to state with some fullness the circumstances of the case, in order to show the ground on which the instructions asked for were denied by the court.

The charge upon this topic was in these words, viz.:

"In considering this question of contributory negligence, you must consider that the plaintiff was bound to exercise, under the given circumstances, that degree of care that an ordinarily prudent man, under like circumstances, would feel called upon to exercise. Now, what were the circumstances—the circumstances as they appeared and as they were known to the plaintiff? He was familiar with the neighborhood; he had been in the performance of his duty in the neighborhood for some years. Upon Orange street at that time, to the knowledge of the plaintiff, there was being operated an electric railway. That was one of the circumstances existing at the time the plaintiff was called on to act. He knew the width of Orange street approximately, and he knew the width of Plane street approximately. He knew the length of his truck, the weight of his truck, and the difficulties of moving or removing it from any given spot.

"Now, it was under these circumstances that the plaintiff attempted to cross the track of the defendant corporation. The measure of the duty of the plaintiff in crossing a public highway, traversed by surface cars propelled by electricity, was to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances. Does the evidence satisfy you that the plaintiff failed in the performance of that duty, that he did not use that degree of care and caution? If he did fail in the performance of that duty,

and as the act of crossing was undoubtedly an act contributing to the injury, if you are satisfied, from the evidence in the case, that he did fail in the performance of that duty, I charge you that your verdict must be for the defendant, because the law is clear and unmistakable that if it appears as a result of the evidence that the plaintiff was negligent to the extent that his negligence contributed to the injury, there can be no recovery, even though the evidence shows negligence on the part of the defendant. If the evidence shows negligence on the part of the defendant—negligence which was the proximate cause of the injury complained of—and fails to show contributory negligence on the part of the plaintiff, I charge you the plaintiff has established a right to your verdict."

Notwithstanding this lucid and entirely correct judicial exposition of the law, the objection is now urged that it was the duty of the judge to charge the three following propositions:

*First.* If obstacles permanently intervened to prevent observation, reasonable prudence required delay in going on the track until such observation could be made by the driver as would be requisite to enable the driver to determine whether it would be safe for him to go upon the track.

*Second.* If permanent obstacles intervened to prevent observation, it was the duty of the driver to have so regulated the speed of his horses as to have been in a position to stop his horses before going on the track, if it was not safe to go on.

*Third.* Reasonable prudence requires that the judgment to have been formed by the driver in this case should have been formed while it was possible for him to have acted prudently in view of the then conditions, not after he had got himself into a position where the peril was already incurred.

From this narration it is apparent that the trial judge was asked to tell the jury what inferences were to be drawn from certain states of facts, if they found such facts to exist. No appeal was made to him to propound any legal principle; all that he was to do was to declare that, postulating a certain condition of affairs, it was demonstrated that the plaintiff's

negligence was, in whole or in part, the cause of his own injury. But how could the judge assert that such was the necessary conclusion from the facts assumed? Simply because all men of common sense must draw such inference from such premises. This being so, there is, obviously, not the least ground for the theory that it was a judicial duty to express an opinion on the point, and this for the reason that the function in question was one that strictly belonged to the jury, and in the performance of which it is scarcely conceivable they could make a mistake. When the court declared that "the measure of the duty of the plaintiff in crossing a public highway traversed by surface cars propelled by electricity, was to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances," it seems altogether unreasonable to suppose that the jury, finding either of these three supposititious cases to be founded in truth, would have concluded that the plaintiff was not liable to the charge of contributory negligence.

The result is that it rested entirely in the discretion of the judge to state the legal rule as he did, succinctly but clearly, or to further elaborate it by applying it to any possible phases of the testimony.

This exception cannot be sustained.

Before parting with this subject it is proper to note a defect that appears in the bill of exceptions that embraces the subject thus decided.

The requests to charge made in behalf of the defendant are six in number, the last of which is: "That the defendant is, on all the evidence, entitled to a verdict."

There was no ground whatever for this request to rest upon, and as the exception taken was that the court had refused to charge as requested, such requisition was too broad, embracing, as it did, this last unfounded request, and therefore there could be no error in the court's refusal to give the instruction as claimed.

Let the judgment be affirmed.