GEORGE CHRISTENSEN, DEFENDANT IN ERROR, v. JOHN
LAMBERT, PLAINTIFF IN ERROR.

Argued December 4, 1901—Decided March 3, 1902.

1. A servant assumes the usual and obvious risks of his employment,
   and also risks consequent upon special dangers known to him, or
   which he could discover by the use of ordinary care. The negli-
   gence of the master is not one of these risks.
2. When a trial judge has laid down, in correct general terms, a
   ruling principle, it· is not error to refuse a request asking for a
   specific application of that principle to a hypothetical case, or to
   a statement including only part of the material facts.

On error to the Supreme Court.

For the plaintiff in error, *Murphy & Blatz* and *Craig A. Marsh.*

For the defendant in error, *Joseph E. Stricker* and *Patrick H. Gilhooly.*

The opinion of the court was delivered by

ADAMS, J. This case lies in a narrow compass. The plaint-
iff was a farm laborer, of adult years, employed by the de-
fendant. On May 22d, 1899, the defendant, with three of his
workmen, of whom the plaintiff was one, rigged up a hay press
and undertook to bale hay. The machine was operated by
horse-power. The hay was fed to the machine through a hole
in the top, and was compressed by a plunger, and then bound
with wires. Mr. Lambert, the defendant, had charge of the
horses; Antonio Paglioso, an Italian laborer, pitched the hay
to the plaintiff, who stood on a platform at the top of the
press and fed the machine, pressing the hay through the hole
with a hay fork, and Philip Ryder, a farm hand, had charge
of the wiring. The plaintiff testified that the defendant said
that the hay was not packed tight enough, and told him to
stuff it down with his feet, and that he accordingly, the ma-

chine being at rest, stepped into the hole and was treading
the hay down when the defendant, without warning, started
up the horses. The plaintiff's right foot was crushed and his
right leg had to be amputated at the knee. The defendant tes-
tified that he never told the plaintiff to use his foot at all;
that he told him to press the hay down, to push it tight; that
he supposed that the plaintiff would do this with the hay
fork that he was using, and that the plaintiff gave the signal
to start the horses before his foot was caught. The defendant
was stone deaf, and had to be communicated with by signal.
No witness testified for the plaintiff as ·to the circumstances
of the accident except himself. The defendant was corrobo-
rated by other witnesses. The jury viewed the machine, and
saw it operate. The plaintiff had a verdict.

Here was a plain question of fact. The accident was not
incident to the continuous operation of a dangerous mechan-
ism, as was the case in *Addicks* v. *Christoph,* 33 *Vroom* 786.
The press was harmless when not in motion. It could not
move unless the horses started, and the horses were a gentle
pair, under the immediate control of the defendant himself.
If the plaintiff suffered an actionable wrong, it was because
the defendant started the horses without due notice. A ser-
vant assumes the usual and obvious risks of his employment,
and also risks consequent upon special dangers known to him,
or which he could discover by the use of ordinary care. The
negligence of the master is not one of these risks.

Error has been assigned on an exception to the exclusion
of evidence, on an exception to a refusal to direct a verdict
for the defendant, on two exceptions to the charge, and on
fourteen exceptions to refusals of the trial judge to charge
as requested, except as he had already charged. The question
as to the exclusion of evidence is not raised by the brief on
behalf of the plaintiff in error, and need not be considered.
The refusal to direct a verdict for the defendant was justified
by the evidence. The stress of the case therefore falls upon
the charge. It is desirable to state, somewhat particularly,
what the charge was.

The trial judge charged the jury that if they accepted the

evidence on the part of the plaintiff their verdict should be for the plaintiff; that if they accepted the evidence on behalf of the defendant their verdict should be for the defendant; that the burden was upon the plaintiff to show, by a preponderance of evidence, that his injury was caused by the negligence of the defendant, and that there must be an absence of any evidence showing that the plaintiff himself was guilty of an act of negligence which contributed to his injury; that the plaintiff, under his contract of hiring, assumed all the risks and dangers of his employment which were obvious to him, or which could be perceived by him in the exercise of ordinary care; that if the plaintiff knew, or could, by the exercise of ordinary care or circumspection, have seen, that when he put his foot in the press it was in a place of danger, and if his injury was caused by such want of care, he was not entitled to recover; that if, while his foot was in the press, he could, by the exercise of such care, have seen that his foot was in a place of danger, and could, with the exercise of ordinary care, have withdrawn it before he was injured, and did not do so, he could not recover; that if the danger to which the plaintiff was exposed was not obvious and was not known to him, it was the duty of the defendant to inform him of the danger, and that failure to do this would be negligence on the part of the defendant, which would entitle the plaintiff to recover, unless he was himself guilty of contributory negligence; that if the plaintiff knew of the danger, or if it was an obvious danger, or could have been seen by the exercise of ordinary care, then the fact that the defendant told him to put his foot in the press would not relieve the plaintiff of the charge of contributory negligence; that in considering the question of obvious danger the jury must bear in mind that the plaintiff could not have been injured while the machine was not in motion; that if the defendant knew that the plaintiff was in a place of danger, or if he could, by the exercise of the reasonable care which he owed to the plaintiff, have known or seen that the plaintiff was in a place of danger if the machine was started, and under such circumstances put the press in operation, thereby causing the injury to the plaintiff, then

the defendant was guilty of negligence, and that, in that case, the plaintiff would be entitled to a verdict, unless the evidence should satisfy the jury that, under all the circumstances, the plaintiff, by the exercise of ordinary care for his own safety, could have escaped the injury; and that, in settling whether the plaintiff used ordinary care in his own behalf, the jury should consider the position in which he was placed at the time he discovered the peril he was in, because at such times even prudent men do not always act with care and caution.

One of the two exceptions to the charge is to the instruction that if the jury accepted the evidence on the part of the plaintiff to be true their verdict should be for the plaintiff. This criticism is not without force. The plaintiff's case rested on his own testimony, which was meagre, and the jury might have believed every syllable of it, and yet have thought that he had time, if he had exercised ordinary care and prudence, to withdraw his foot without injury after the machine had begun to move. This aspect of the case, however, was properly dealt with in another part of the charge, which, as a whole, was not erroneous on this point.

The other exception to the charge is to the following passage:

"If the danger to which the plaintiff was exposed in the work he was engaged in was not obvious, and was not known to the plaintiff, then it was the duty of the defendant to warn him of the danger, and failure to do so was negligence on the part of the defendant, and the plaintiff will be entitled to recover, unless the plaintiff was guilty of contributory negligence."

The criticism is that this instruction was too broad, and that the rule is that a master is bound to warn his servant, not against all latent dangers, but against those latent dangers that are known, or should be known, to the master. This is the rule. But the jury could not have been misled. They must have understood the court to mean that the defendant was called on to put the plaintiff on his guard against latent dangers within the defendant's knowledge, not against latent dangers beyond his knowledge. Again, a decisive answer to

this criticism is that the matter is irrelevant. The plaintiff was not hurt by a latent danger.

It remains to consider the fourteen requests, each of which the trial judge refused to charge, except as he had already charged. The propositions contained in the first, second, third, fourth, sixth, eighth and twelfth requests are sound, and are covered by the charge. The seventh, ninth, tenth, eleventh and thirteenth requests are examples of a practice that has been disapproved—that of culling out of the evidence a part of the facts and asking the trial judge to make a specific application to them of a ruling principle that had been already declared in general terms. A charge in this specializing form would tend to confuse a jury. These requests were properly denied. *Consolidated Traction Co.* v. *Chenowith,* 29 *Vroom* 416; *approved,* 32 *Id.* 554; *Hustis* v. *Banister Co.,* 34 *Id.* 465 (at *p.* 467). The fifth request was to charge that the plaintiff assumed the obvious risks of his employment, and that the immunity of the master does not depend upon the absence or presence of negligence in either party. The court had already laid down, in plain terms, the correct rule as to the assumption of obvious risks. The second branch of the request would not have made the law any clearer to the jury, and might even have suggested the erroneous idea that the negligence of the master is one of the risks that a servant assumes. It was not error to refuse this request. The fourteenth request was to charge this proposition: "If the jury find, from the evidence, that the defendant did not tell the plaintiff to put his foot into the press, but that the plaintiff incorrectly understood the defendant to give such direction, defendant cannot be made responsible for such mistake." The plaintiff's hearing was not defective, and the evidence does not naturally suggest that he misunderstood what the defendant said. It was rather the case of a plain contradiction. The request is without substantial support in the proof. Besides, to say that an employer is not responsible for the consequences of an order that he did not give is such a mere truism that a failure to charge it to an intelligent jury cannot have been injurious.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.