HEZEKIAH W. DEDERICK, PLAINTIFF AND APPELLEE, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT AND APPELLANT.

Argued November 7, 1906—Decided February 25, 1907.

1. On a motion to nonsuit, where fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury.
2. Where a party asks for an instruction which is partly good and partly bad, it is proper to refuse it altogether.

---

On appeal from the District Court of the City of Elizabeth.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the plaintiff, *Abe J. David* and *John K. English.*

For the defendant, *George Holmes* and *William D. Edwards.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from the District Court of the city of Elizabeth.

The action was brought by the plaintiff, Hezekiah W. Dederick, against the defendant, the Central Railroad Company of New Jersey, to recover damages for willfully and negligently refusing to carry the plaintiff, as a passenger, from West Eighth street, Bayonne, to Elizabeth avenue, Elizabeth, on April 6th, 1906, and his ejection from the train at Avenue A station, Bayonne.

The agreed state of the case shows that on the part of the plaintiff the evidence was that the plaintiff had a ticket good from West Eighth street, Bayonne, to Elizabeth avenue, Elizabeth; that the plaintiff boarded a train of the defendant company, running between Jersey City and Roselle Park, at West Eighth street at five thirteen P. M.; that this train was scheduled to stop at Elizabethport, at which point plaintiff intended to take the next train to Elizabeth avenue; that a train scheduled to leave West Eighth street at five thirty-one P. M. generally made a close connection at Elizabethport with another train of the defendant company running from Elizabethport to Elizabeth avenue, but that it frequently arrived too late to make the connection; that while the train which the plaintiff had boarded was standing at Avenue A station, the conductor of the train came along, and plaintiff held his ticket to be punched, at the same time informing the conductor that he was going to Elizabeth avenue; that the conductor refused to punch and return the ticket to the plaintiff, and demanded car fare; that plaintiff refused to pay fare, and he was ejected from the train at Avenue A station; that the plaintiff had frequently taken this train, but had never had any trouble except that once; a few days before, the conductor told him that the ticket was not good on that train, but still accepted his ticket.

At the close of the plaintiff's case the defendant moved for nonsuit on the ground that the failure of the plaintiff to produce a valid ticket or pay fare justified his expulsion, which motion the trial judge denied.

The state of the case also shows that the evidence on the part of the defendant was that the rules of the company provided "that this ticket was good only on the connecting train or on a continuous train running through to destination;" that the rules of the company offered in evidence provided that "any single trip or excursion ticket reading between Elizabeth, Spring street, Elizabethport, or Elizabeth avenue, and any station east thereof (West Eighth street to New York, inclusive), will be accepted for passage to or from either Elizabeth, Spring street, Elizabethport or Elizabeth avenue, as the passenger may elect; provided, in each case, the ticket is presented for passage on a continuous train running through to destination to which passenger desires to go. In no case will stop-over be allowed on such a ticket for any purpose."

At the end of the case the defendant requested the trial judge to charge the jury as follows:

"*First.* The rule requiring a passenger to take a train that is scheduled to connect with the train from West Eighth street is a reasonable rule, and verdict should be for the defendant.

"*Second.* It was the duty of the plaintiff to take the train leaving West Eighth street at five thirty-one, and his failure to do so justified the railroad company in ejecting him from the five-thirteen train."

The trial judge declined to so charge, and the jury to whom the case was submitted found a verdict for the plaintiff.

The only reasons urged for reversal relate to the refusal to nonsuit and to charge as requested.

We think that neither refusal was erroneous.

Assuming that the plaintiff, to be entitled by his ticket to pursue his journey to Elizabeth avenue, was bound by the rules of the company to take a continuous or connecting train, nevertheless, inasmuch as the plaintiff was on a continuous train to Elizabethport, by the same rule his ticket was good to Elizabethport, and he was entitled to be carried to that point, providing he made an unconditional tender of his ticket for such purpose. If he accompanied the tender with

a condition which allowed him to retain the ticket, the conductor was entitled to demand fare, and in default of payment, was justified in ejecting the plaintiff. The question, therefore, practically was this: Did the plaintiff make a conditional tender of his ticket?

We think the evidence failed to show any conditional tender unless that is to be inferred from the statement that the plaintiff held his ticket to be punched, at the same time informing the conductor that he was going to Elizabeth avenue, and that the conductor refused to punch and return the ticket to the plaintiff, and demanded car fare. But that matter of doubtful inference was for the jury's determination.

On a motion to nonsuit, where fair-minded men might honestly differ as to the conclusions to be drawn from the facts, whether controverted or uncontroverted, the question at issue should go to the jury. *Pennsylvania Railroad Co.* v. *Matthews,* 7 *Vroom* 531; *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Id.* 342; *Newark Passenger Railway Co.* v. *Block, Id.* 605; *Traction Co.* v. *Scott,* 29 *Id.* 682.

There was, therefore, no error in the refusal to nonsuit.

Nor was there any error in the refusal to charge as requested.

Both requests were too broad; the first, because it was for a direction of a verdict; the second, because plaintiff's right to ride on the five-thirteen train depended upon his willingness to surrender his ticket.

When a party asks for an instruction which is partly good and partly bad, it is proper to refuse it altogether. *Consolidated Traction Co.* v. *Chenowith,* 29 *Vroom* 416.

The result is that the judgment below should be affirmed.