JOSEPH FLOERSCH, PLAINTIFF IN ERROR, v. WILLIAM J. DONNELL, DEFENDANT IN ERROR.

Argued March 3, 1909.—Decided June 14, 1909.

Where the plaintiff, who had been employed for two days in general work about defendant's lumber yard, was sent, without any instruction as to the dangers incident to the work, to assist in piling lumber from a wagon between two standing lumber piles, one of which fell, injuring plaintiff, and it was shown that the pile which fell had not been piled in the usual manner adopted by lumbermen, it cannot be said that to the plaintiff, unacquainted with the business, the danger was obvious, and a nonsuit upon that ground is set aside.

On error to the Supreme Court.

For the plaintiff in error, *George S. Silzer.*

For the defendant in error, *Beekman & Spencer.*

The opinion of the court was delivered by

MINTURN, J. When this cause was before the Supreme Court on a rule to show cause from a previous trial the verdict for the plaintiff was vacated upon the grounds substantially that there was nothing presented in the testimony from which a jury could legally infer negligence upon the part of the defendant. Upon a *venire de novo* a new trial was had, additional testimony was supplied, and the inquiry presented to this court upon this writ of error is directed entirely to the alleged error of the trial court in nonsuiting the plaintiff at the close of his case.

The plaintiff was injured at the lumber yard of defendant at Perth Amboy, where he had been employed for two days in unloading cars, carting lime and other general employment. He had no experience in piling timber, so that on the day of the injury, when a wagon load of lumber was carted to the shed in the yard where it was to be piled, the plaintiff was sent to assist in piling it; he was ignorant of the dangers peculiarly

incident to that class of work; nor had he received instructions from the master or from any person representing him relative to any danger connected with the work, or relative to the proper method of piling the lumber. A driver on the wagon handed the lumber to the plaintiff, who stood above the driver on a scaffold, which was two feet wide and extended along in front of a number of piles of lumber. As he received the lumber from the wagoner, the plaintiff placed it in an open space about four feet in width, between two lumber piles then standing to the height of six feet. While thus engaged the lumber pile on plaintiff's left, upon which he was not working, toppled over, struck him on the head, knocked him from the scaffold, causing a fracture of his leg, which necessitated its amputation.

The trial court granted the motion to nonsuit upon the ground that the danger incident to this work was obvious or should have been obvious to this plaintiff.

In view of the testimony of seven expert lumbermen for the plaintiff, whose testimony was not given upon the previous trial, to the effect that the pile of lumber which fell and caused the damage, and upon which the plaintiff was not working, was defective and negligently piled, it is difficult to perceive how it can be said as matter of law that the danger thus created, and which it might be argued was latent and inhered in the piling of the lumber, can be said to be obvious to one like the plaintiff who, according to the testimony, was absolutely un-tutored in the art of this particular craft. It was in evidence that the pile contained neither braces nor cross pieces, and was without any support at all to prevent it from falling. It fur-ther appeared that to keep such piles intact, lumbermen use binders and cross pieces, and that without such precautions, in the language of one expert witness, "a pile will fall of itself; or a jar would do it; or a man walking on the platform in front; a vibration or a jar would cause the pile to go over." Knowledge of these facts was chargeable to the defendant; and it therefore became a question for the jury to determine upon the facts in evidence whether in view of the existence of this condition the master had properly, under all the circum-

stances of the case, discharged his duty to the servant. For, as has been said by this court, "Where the danger is unknown to the servant he cannot be held to have voluntarily assumed it; although the physical surroundings that create the danger are known to him; and so the known absence of safeguards and precautions cannot prevent a recovery, when the danger that rendered them necessary is unknown to the injured servant. *Burns* v. *Telegraph Company,* 41 *Vroom* 745; *Smith* v. *Erie Railroad Co.,* 38 *Id.* 636; *Christenson* v. *Lambert, Id.* 341; *Laragay* v. *East Jersey Pipe Co., ante p.* 516.

The judgment of nonsuit is therefore reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   15.