PATRICK McAVOY, PLAINTIFF IN ERROR, v. PATERSON BREWING AND MALTING COMPANY AND WILLIAM F. DREXLER, DEFENDANTS IN ERROR.

Argued December 2, 1909—Decided February 28, 1910.

1. In an action for personal injuries caused by a collision between a buggy and a pedestrian who was crossing the street, if the evidence is such that the jury may properly infer that the horse

and buggy were so near, and the conduct of the driver such, that the plaintiff had the right to suppose that the horse was held up to allow him to cross in safety, a nonsuit is improper.

2. A pedestrian has the right to cross a street at a point not a crosswalk, exercising reasonable care for his own safety.

On error to the Passaic County Circuit Court.

For the plaintiff in error, *Edward F. Merrey.*

For the defendants in error, *William B. Gourley.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff, while crossing Washington street in Paterson, was struck by the shaft of a buggy driven by Drexler, who is in the employ of the Paterson Brewing and Malting Company. His sleeve was caught in the shaft and he suffered injuries. The learned trial judge directed a nonsuit, and the only question in the case is whether there was sufficient evidence to require that it be submitted to the jury.   There was evidence that as the plaintiff and his companions started to cross the street, or were in the act of crossing, Drexler, who was driving in their direction, pulled up his horse as if to give them an opportunity to pass.   There was some conflict in the testimony as to the exact point at which this took place—whether when Drexler was at Ellison street, some sixty feet away, or whether when he was so close to the plaintiff that the plaintiff might fairly assume that it was meant to give him the right of way.   Stevenson testified that it seemed as if the plaintiff was pulling up to let them go by, and that he judged that Drexler would give them room enough; that Drexler at the time was close enough so that the witness had to look out to see if he had room to pass. Lester testified substantially to the same effect.   Ritchie said that from the way Drexler motioned in the buggy it looked as though he was trying to break his speed a little to give the plaintiff and his companions clearage to go over.   Drexler himself testified that he held the horse back; that one of the plaintiff's companions held the plaintiff, and when he saw

that he let the horse walk again. The plaintiff got loose, jumped over and was past the horse and turned around and grabbed and through that grabbing slipped.

We think this evidence indicates that the plaintiff's view was correct; that the horse was so near that the plaintiff had the right to suppose that Drexler held him up in order to enable the plaintiff to cross in safety. At any rate, it was permissible for the jury to draw that inference from the testimony. The case therefore is within the rule laid down in *Van Cott* v. *North Jersey Street Railway Co.*, 43 *Vroom* 229, and *Weinberger* v. *North Jersey Street Railway Co.*, 44 *Id.* 694. The case is not altered by the fact that the plaintiff was not crossing Washington street upon the crosswalk. He had the right to cross at any point, exercising reasonable care for his own safety. *Moebus* v. *Hermann,* 108 *N. Y.* 349.

There was error therefore in granting the nonsuit, and the judgment must be reversed.

*For affirmance*—None.

*For reversal*—The CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, CONGDON, JJ. 15.