JOSEPH FLOERSCH v. WILLIAM J. DONNELL.

Submitted December 7, 1911—Decided March 18, 1912.

1. To justify a court in setting aside a verdict of a jury on the ground that it is against the weight of the evidence, it must be so palpable as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality.
2. The award of $3,500 for the loss of a foot *held* to be not excessive.

On rule to show cause.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the rule, *Beekman & Spencer* and *Alan H. Strong*.

*Contra, John A. Coan* and *George H. Silzer*.

The opinion of the court was delivered by

KALISCH, J.   The history of this case discloses that as a result of a fourth trial the plaintiff obtained a verdict against the defendant for $3,500, as compensation for the loss of a foot, the consequence of an injury sustained by the plaintiff, while in the defendant's service, through the defendant's negligence.   At the first trial the plaintiff obtained a verdict which was set aside by this court upon the ground that the evidence was insufficient in law to warrant the submission of the case to the jury.   Thereupon the case was retried in the Middlesex Circuit, and the court, following the opinion of this court in the case, ordered a nonsuit.   This judgment of nonsuit was reviewed, on a writ of error, by the Court of Errors and Appeals (48 *Vroom* 772), and was reversed upon the ground that the facts were sufficient to establish a *prima facie* case, and which the plaintiff was entitled to have submitted to a jury for their determination.   A third trial was had in which the plaintiff was successful, but upon a rule to show cause why the verdict should not be set aside, as contrary to the weight of the evidence, the rule was made absolute.   The case, therefore, comes before this court after a fourth trial, upon a rule to show cause why the verdict should not be set aside, the principal reasons assigned therefor, by the defendant, being that it is contrary to the weight of the evidence, that the sum awarded is excessive, and because the court refused to charge certain propositions requested by the defendant.

The trial judge, in his charge to the jury, accurately and comprehensively stated all the legal principles applicable to the facts of the case and for their guidance in dealing with them; and we do not find that any harm was done to the defendant or that any legal rule has been violated in the court's refusal to charge as requested.   *Cons. Traction Co.* v. *Cheno-*

*with,* 29 *Vroom* 416; *S. C.,* 32 *Id.* 554. There was a sharp conflict in the testimony between the plaintiff's and defendant's witnesses as to what the custom was in general use in piling lumber. We cannot say that the witnesses for the defence were more credible than those for the plaintiff. The fact that the witnesses for the defence outnumbered those of the plaintiff does not in itself establish the weight of the evidence. *Bauman* v. *Hamburg-American Packing Co.,* 38 *Id.* 250; *Goldman* v. *Central Railroad Co. of New Jersey,* 50 *Id.* 205. The credibility of a witness, and the weight to be given to his testimony, involve the consideration of many other matters, such as his personal interest in the subject-matter in controversy, his opportunity of observation or knowledge of the subject about which he is testifying, the influences under which he may be testifying, his demeanor on the witness stand, &c., all of which are circumstances for a jury, who see the witness, to consider in determining what credit and weight should be given to the witness and his testimony.

It is true that any number of verdicts will be set aside where they are clearly in violation of some legal principle, but in this case the chief basis of the application concerns the weight of the evidence—a doubtful matter.

To justify a court in setting aside a verdict of a jury on the ground that it is against the weight of the evidence, it must so clearly appear as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality.

From an examination of the case we cannot say that the verdict was not warranted by the jury. Nor do we think that the verdict is excessive. The rule to show cause should be discharged.