JOSEPH FOX AND LENA FOX, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, DEFENDANT-APPELLANT.

Submitted March 24, 1913—Decided June 18, 1913.

1. A motion for a nonsuit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law.

2. Unless it is established by the evidence beyond fair debate that the plaintiff was negligent and that the negligence directly contributed to the injury complained of, the motion to nonsuit or direct a verdict will be denied.

3. A pedestrian has a right to cross a street at a point not a crosswalk and in doing so is bound only to use reasonable care for his safety.

4. A pedestrian crossing a street was under no legal duty to anticipate any action by the chauffeur of a motor truck that would imperil her safety and, having an equal right in the street, was not bound to look behind her, without a warning that it was intending to pass her on the left-hand side of the street.

5. Where the subject-matter of the defendant's requests to charge did not include all the circumstances which should influence the conclusion of the jury, they were properly refused.

On error to the Supreme Court.

For the appellants, *Griggs & Harding* and *Charles G. Signor*.

For the respondents, *Collins & Corbin*.

The opinion of the court was delivered by

KALISCH, J. The plaintiffs, the husband and wife, recovered a judgment against the defendant for damages sustained by them resulting from personal injuries received by the wife, through the defendant's alleged negligence.

The facts are briefly these: The defendant's servant was driving a motor truck, in the daytime, along a public street in Jersey City. This street runs east and west. Lena Fox

was crossing from the northerly to the southerly side of the street, in a diagonal direction, in the middle of the block and when she had reached about the center of the street, she was struck in the shoulders and knocked down by the right mud-guard of the motor truck, and severely injured. The motor truck was proceeding in an easterly direction at the time. Just before Mrs. Fox stepped from the curb to cross the street a horse and wagon going west, very close to the curb, passed her. There was no other vehicle in the street at that time than the motor truck. The testimony tended to estab-lish, that the truck when first seen was being driven at the rate of twenty miles an hour and that it ran for twelve or fifteen feet after it struck Mrs. Fox, and that the driver of the truck prior to the impact had one hand on the steering wheel and with the other was arranging some bags behind him so that his face was only partially turned in the direction he was going, and that the motor car was zigzagging along the street, barely avoiding a collision with the horse and wagon, and that it continued its erratic course until Mrs. Fox was hit.

At the close of the plaintiff's case the appellant moved for a nonsuit, which motion was denied, to which denial an excep-tion was duly taken. At the close of the entire case the ap-pellant moved for a direction of a verdict upon the same ground upon which the motion for a nonsuit was based, which motion was likewise denied and an exception was taken. The propriety of the judge's rulings is before us on an appeal from the judgment.

"A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legiti-mately drawn therefrom but denies its sufficiency in law." *Weston Co.* v. *Benecke,* 53 *Vroom* 445.

And the same rule, by parity of reasoning, is applicable as to a motion to direct a verdict for the defendant, based upon the insufficiency of the evidence to establish a legal cause of action.

Both motions were based upon the ground that the testi-

mony clearly established that Mrs. Fox was guilty of negligence which proximately contributed to her injury. It is obvious that the alleged negligence of Mrs. Fox must be deduced from facts and circumstances in evidence, and this is usually sufficient to make it a jury question. Unless it is established by the evidence beyond fair debate that the plaintiff was negligent and that the negligence directly contributed to the injury complained of the motion to nonsuit or direct a verdict will be denied. *Mahnken* v. *Freeholders of Monmouth,* 33 *Vroom* 404; *Bauer* v. *North Jersey Street Railway Co.,* 45 *Id.* 624; *Napurana* v. *Young, Id.* 627; *Turner* v. *Hall, Id.* 214.

The rule is well stated in 1 *Thomp. Negl.,* § 1322. The learned author says: "Cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both the actors. As the circumstances attending such injuries are within the range of everyday observation and experience the question of contributory negligence, in these cases is in a peculiar sense a question for a jury, though, of course, within the limits of the principle that there must be evidence reasonably tending to that conclusion, and subject also to the rule that, in cases where the evidence tends only to that conclusion, the judge can decide it as a matter of law."

The appellant's argument is chiefly directed to sustain its contention that the judge should have taken the case from the jury, the appellant's claim being that from the plaintiff's testimony and the condition of the street, it is self-evident that if the plaintiff had looked she could have seen the motor car and avoided her injury; that the fact that she was attempting to cross the street in the middle of the block cast upon her a higher degree of care than if the attempt had been made at a regular crossing.

This court has held that a pedestrian has a right to cross a street at a point not a cross-walk and that in doing so was bound only to use reasonable care for his or her safety. *McAvoy* v. *Paterson Brewing, &c., Co.,* 49 *Vroom* 633. By rea-

sonable care is meant such care as an ordinarily prudent person would exercise in face of the encountering circumstances or circumstance.

The plaintiff was walking in a diagonal direction across the street. The wagon was about seven feet distant when the truck bore down upon her, and, as it appears, she was struck by the latter's right mudguard, indicating conclusively that she had almost, if not entirely, passed in safety the path in which the truck was then traveling. To what extent the wagon obstructed the plaintiff's view of the truck does not appear, except from inference, but it is obvious that when she passed the line of obstruction she was visible to the chauffeur, had he been reasonably vigilant, and that at the rate of speed his truck was moving it must have been some distance away from the place where she was struck. Upon the assumption, most favorable to the defendant, that the truck took a straight course, it was necessary for the plaintiff to have walked from the spot where she first was visible to the chauffeur, across the path of the truck, a distance of about eight feet, in order to make it possible for her to be struck by the truck's right mudguard, the truck being seven feet in width. If the plaintiff was in the centre of the street at the time she was struck, as testified to by the defendant's chauffeur, then it follows, as a logical sequence, that the truck was seven feet northerly of the centre of the street going east, on the left side of the road in that direction. This circumstance admits of the reasonable inference that it was the attempt of the chauffeur to pass behind the plaintiff and the manner in which he was propelling the car that constituted the sole cause of the plaintiff's injury. The plaintiff was under no legal duty to anticipate any action on the part of the chauffeur that would imperil her safety. She had an equal right in the street. She was under no duty to look behind her or to anticipate without having received any warning that the vehicle was intending to pass her on that side of the street, as it apparently did. Whether or not therefore the plaintiff exercised reasonable care for her own safety in crossing the street, under the cir-

cumstances, as developed by the evidence, was clearly a jury question and therefore the motions to nonsuit and direct a verdict were properly denied.

We have examined the other reasons specified and relied on by the appellants for a reversal of the judgment and find them to be without merit.

Of the two exceptions to the charge argued in the appellant's brief, one is, in criticism of the judge, for giving undue prominence to the testimony of the plaintiff's witnesses as to the speed of the truck which was not open to an exception upon that ground; and the other was directed to what the judge said as to the plaintiff's right to cross where she did. Reading the entire paragraph of the charge in relation thereto, we find no error in the statement of the legal rule governing the subject.

The subject-matter of the requests which the court refused to charge other than had been charged embraced facts postulated by the appellant's counsel which did not include all the circumstances which should influence the conclusion of the jury. There was no error in this. *Cons. Tract. Co.* v. *Chenowith*, 29 *Vroom* 416; 32 *Id.* 554; *Christensen* v. *Lambert*, 38 *Id.* 341.

The record fails to disclose any error invalidating the judgment and therefore the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, KALISCH, BOGERT, CONGDON, WHITE, JJ.    8.

*For reversal*—THE CHIEF JUSTICE, PARKER, VREDENBURGH, TERHUNE, HEPPENHEIMER, JJ.    5.