# Butler County National Bank *v.* St. Michael's Greek Catholic Church.

*Mortgage—Bond—Judgments—Assignments—Petition to compel assignment.*

A bank holding a mortgage, bond and two junior judgments against a corporation, will not be compelled to assign them, in payment of the mortgage debt and interest thereon, to certain parties, who deny the validity of the two judgments, where other parties interested in the church offer to pay the entire indebtedness of the church, including the two judgments. '

Argued October 20, 1921. Appeal, No. 37, Oct. T., 1921, by Rev. Peter Poniatishin, from decree of C. P. Butler Co., Sept. T., 1920, No. 82, dismissing petition for an order to assign to petitioner a mortgage and bond, in case of Butler County National Bank v. St. Michael's Greek Catholic Church et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for order to assign mortgage and bond. Before REIBER, J.

The opinion of the Supreme Court states the facts.
Petition dismissed. Rev. Peter Poniatishin appealed.

*Error assigned* was decree, quoting it.

*E. J. McKenna,* of *McKenna & McKenna,* and *James M. Galbreath,* for appellant, cited: Lyon's App., 61 Pa. 15; Hopkins Mfg. Co. v. Ketterer, 237 Pa. 285.

*Charles H. Miller,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

This is part of the litigation growing out of differences between members of St. Michael's Greek Catholic Church, other phases of which have been before us in Chrapko v. Kobasa, 271 Pa. 447, and Bungar v. St. Michael's Greek Catholic Church, 272 Pa. 402, supra.

There is a mortgage on the church for $7,000, held by the Butler County National Bank; it also holds two judgments aggregating $2,500, which are liens on the church property.

Peter Poniatishin, administrator of the Greek Catholic Church in the United States, presented his petition to the court below, praying for an order directing the Butler County National Bank to assign its mortgage, and the accompanying bond, together with the judgment entered on it, to him, on payment of debt, interest and costs; the bank filed an answer denying the right to the relief sought, the court refused to make the order, and petitioner has appealed.

Counsel for appellant, in their argument, admit the cases are rare where the court will order a mortgagee, on payment of the debt it secures, to assign a mortgage; and this is certainly not one of them, for a most sufficient reason. John Bungar and others, trustees of the church, presented a similar petition, praying for a like order, coupled with a statement of their intention to pay the entire indebtedness of the church, which would

include the bank's two judgments; there was not only no such offer from appellant, so far as payment of the judgments is concerned, but, in answer to Bungar's petition, appellant denied the validity of the additional judgments held by the bank. It would be a manifest injustice to the bank to require it to turn over its first mortgage to one who denies the validity of other and junior liens held by it.

The order is affirmed at the cost of the appellant.