KATHERINE HAURANCHALK, AS GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF LOUIS HAURANCHALK, DECEASED, PLAINTIFF-APPELLANT, v. WARREN & ARTHUR SMADBECK, INCORPORATED, A BODY CORPORATE, AND HERMAN LIST, DEFENDANTS-APPELLEES.

Submitted October term, 1934—Decided February 20, 1935.

Before Brogan, Chief Justice, and Justices Parker and Bodine.

For the plaintiff-appellant, *Breslin & Breslin* (*John J. Breslin, Jr.,* of counsel).

For the defendants-appellees, *Reginald V. Spell* (*LeRoy Vander Burgh,* of counsel).

Per Curiam.

This is an appeal from a judgment in favor of the defendants in the Common Pleas Court of Bergen county, the jury having returned a verdict of no cause for action. The plaintiff's decedent was struck by an automobile, owned by the corporate defendant and driven by its employe, while he was crossing a state highway known as route 4 in Englewood, New Jersey. As a result of the injuries received, he died four days later. The highway at that point is a four lane road. A car that preceded that of the defendant had turned from the outer to the inner lane of traffic to avoid colliding with the decedent and he, continuing to cross the road, was struck by the defendant's car.

The reasons advanced for a reversal of the judgment are grounded on the court's refusal to charge the several requests submitted by the plaintiff's counsel. No useful purpose will be served by discussing the requests to charge in detail. Some of the requests are *verbatim* excerpts from opinions of this court and of the Court of Errors and Appeals concerning cases decided prior to the enactment of legislation which, because of changed highway and traffic conditions, sets out in unmistakable language the corelative rights and obligations of pedestrians and operators of motor vehicles, thereby changing the common law rule formerly applicable to such situations.

We are of the opinion that the court was correct in rejecting the several requests to charge. To have charged the first request would have been to relieve the decedent of the duty of using ordinary prudence and caution under the circum-

stances. To have charged the second and third requests would have been to relieve the decedent of a duty imposed upon all pedestrians by the Traffic act (*Pamph. L.* 1928, *art.* 5, *ch.* 281, § 3), which provides that where traffic, at intersections, is not controlled or directed by a police officer or by a traffic signal, pedestrians shall not cross the highway other than at right angles to the curb and when crossing at any other point than a designated crosswalk shall yield the right of way to all vehicles upon the highway.

Requests numbers 4, 5 and 10 had no applicability to the state of facts in this case. The eighth request, if charged, would place upon defendants, under such circumstances, the duty of being an insurer of the safety of others. It should also be observed that the charge of the court in different language properly dealt with this question and this likewise is true as to the plaintiff's ninth request.

Request number 12 was properly rejected because premised on facts which were not in the case.

The final ground urged for reversal is based upon an exception to the court's charge relative to the reciprocal rights and duties of the parties under the circumstances of the happening.

The exception itself is very general and does not point out any language of the court which plaintiff deemed erroneous —rather it was addressed to what the plaintiff contends the court should have said to the jury but did not. We find no request to charge covering the point which plaintiff says the court omitted to charge. *Ceccomancino* v. *D'Onofrio,* 111 *N. J. L.* 499, 500; 168 *Atl. Rep.* 578; *Hartwyk* v. *Shea,* 114 *N. J. L.* 235; 176 *Atl. Rep.* 390. The ground of appeal filed to embrace this alleged error of the trial judge is therefore unavailing to the appellant.

In the matter of the charge to the jury, the court is under no obligation to accept from counsel the form that his charge shall take. Trial courts correctly discharge their duty by laying down, simply and clearly, the rules of the law governing the case and the question involved. It is not error for the court to reject requests to charge when the point thus brought to the court's attention has been charged, though in different language.

The judgment is affirmed, with costs.