876 A.2d 331

GUSTAVO ABAD AND CARMEN ABAD, PLAINTIFFS–APPELLANTS. v. ILENE B. GAGLIARDI AND FRANCIS GAGLIARDI, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 3, 2005—Decided June 24, 2005.

---

salary for other services she rendered or saved expenses in order to increase profits.

Before Judges STERN, COBURN and S.L. REISNER.

*Hugh M. Turk,* argued the cause for appellants (*Sullivan, Papain, Block, McGrath & Cannavo,* attorneys; *Mr. Turk,* on the brief).

*Robert D. Curran, Sr.,* argued the cause for respondents.

The opinion of the court was delivered by

S.L. REISNER, J.A.D.

Plaintiff, Gustavo Abad, appeals from a jury verdict of no cause for action and the trial judge's denial of his motion for a new trial. We affirm.

I

This case arises from a collision between a vehicle driven by defendant, Ilene B. Gagliardi, and plaintiff, a pedestrian who was crossing the street. The accident occurred approximately ninety feet from the intersection of Queen Anne Road and Cedar Lane in Teaneck. The intersection is controlled by a traffic light. Although there is a left turn lane on Queen Anne Road, a striped no traffic area approximately ninety feet before the intersection prevents vehicles from reaching the left turn lane until they are in relatively close proximity to the intersection.

As was his daily custom, on June 29, 2001, plaintiff took a bus from his home in New York City to his job at Scott Kay Jewelers in Teaneck. He was due at work at 8:00 a.m. Shortly before 8:00 a.m., he got off at the bus stop on Queen Anne Road and began walking toward the intersection at Cedar Lane. According to plaintiff's testimony, when he was about thirty steps from the intersection, he noticed that the bus, which was headed north, had stopped for a red light and that the bus had stopped next to the striped no travel zone. He therefore believed that he could safely cross Queen Anne Road by walking across the northbound lane in front of the bus to the striped area and then walking across the southbound lane. He admitted that he did not look to his left as he stepped into the striped area, because he assumed that no cars would cross that area. He only looked to the right to see if there were cars approaching in the southbound lane.

Defendant, who was traveling behind the bus and intended to turn left at the intersection, pulled around the bus and through the striped area in order to reach the left turn lane. Plaintiff testified that her car struck him as he was crossing the striped area. She testified that plaintiff stepped from in front of the bus

and walked into the side of her car. The jury found both parties negligent, assessing defendant thirty-six percent at fault and plaintiff sixty-four percent at fault, resulting in a verdict of no cause.

In a motion for a new trial, plaintiff contended that the trial judge erroneously charged the jury as to the applicability of *N.J.S.A.* 39:4–33, concerning the obligation of pedestrians to cross in crosswalks at intersections controlled by a traffic light. Plaintiff asserted that the trial judge should have charged the jury as to *N.J.S.A.* 39:4–34, concerning crossing at intersections where there is no traffic light, which he contended was applicable because he was not at the light-controlled intersection when he crossed the street. Judge Yannotti denied the motion in an oral opinion on June 25, 2004. He concluded that:

> The evidence in this case showed that the intersection of Queen Anne Road and Cedar Lane is a controlled intersection with a traffic light and a crosswalk. That intersection is only several car lengths ahead of the place where the plaintiff entered the street. The Court finds that in view of the proximity of the intersection and the crosswalk it was appropriate to charge the jury under *N.J.S.A.* 39:4–33 because the statute most appropriately addressed the circumstances of this case.
>
> Given the proximity of the controlled intersection Mr. Abad had a duty under the law to cross at the intersection and to cross within the crosswalk. Mr. Abad's interpretation of the law as not applying in the circumstances of this case would make this statute essentially meaningless. So the Court rejects that argument.

## II

On this appeal, plaintiff contends that the trial judge erred in charging the jury with respect to *N.J.S.A.* 39:4–33 rather than *N.J.S.A.* 39:4–34, and that the verdict was against the weight of the evidence. We reject both contentions.

In the early twentieth century, the obligation of pedestrians crossing the street was as follows:

> This court has held that a pedestrian has a right to cross a street at a point not a crosswalk and that in doing so was bound only to use reasonable care for his or her safety. *McAvoy v. Paterson Brewing, etc., Co.,* 78 *N.J.L.,* 633, 75 *Atl.* 743. [*Fox v. Great Atl. Pac. Tea Co.,* 84 *N.J.L.* 726, 728, 87 *A.* 339 (E & A 1913).]

However, in 1928, the Legislature enacted a series of statutes designed to require pedestrians to cross streets at available crosswalks. *L.* 1928, *c.* 281, art. V; *see Hauranchalk v. Smadbeck,* 13 *N.J. Misc.* 190, 191, 177 *A.* 240 (Sup.Ct.1935), distinguishing "cases decided prior to the enactment of legislation which, because of changed highway and traffic conditions, sets out in unmistakable language the correlative rights and obligations of pedestrians and operators of motor vehicles, thereby changing the commonlaw rule formerly applicable to such situations."

*N.J.S.A.* 39:4–33 provides:

At intersections where traffic is directed by a police officer or traffic signal, no pedestrian shall enter upon or cross the highway at a point other than a crosswalk. Pedestrians shall move, whenever practicable, upon the right half of crosswalks.

*N.J.S.A.* 39:4–34 provides:

Where traffic is not controlled and directed either by a police officer or a traffic control signal, pedestrians shall cross the roadway within a crosswalk or, in the absence of a crosswalk, and where not otherwise prohibited, at right angles to the roadway. It shall be unlawful for a pedestrian to cross any highway having roadways separated by a medial barrier, except where provision is made for pedestrian crossing. On all highways where there are no sidewalks or paths provided for pedestrian use, pedestrians shall, when practicable, walk only on the extreme left side of the roadway or its shoulder facing approaching traffic.

These sections are part of a larger statutory scheme that comprehensively details the responsibilities of motorists and pedestrians and their responsibilities to each other. *N.J.S.A.* 39:4–1 to –37.1. *See Burd v. Vercruyssen,* 142 *N.J.Super.* 344, 354, 361 *A.*2d 571 (App.Div.), *certif. denied,* 72 *N.J.* 459, 371 *A.*2d 64 (1976).

Taken in context, it is plain to us that these two sections are aimed at preventing the conduct commonly known as "jaywalking," by requiring pedestrians to cross at crosswalks where available. Section 33 controls situations in which the government has provided the clearest and strongest protection for pedestrians by installing traffic lights or assigning police officers to direct traffic. Section 34 addresses situations where the intersection is not so controlled.

Plaintiff contends that section 34 requires a pedestrian to walk to an available crosswalk, but that section 33 only applies to

situations where a pedestrian is actually standing "at" an intersection controlled by a traffic light or police officer. We disagree. It would be anomalous to construe section 33 in such a limited fashion, where the government has implemented the strongest and most resource-intense effort to protect pedestrians from harm. Both sections 33 and 34 require pedestrians to walk to an available crosswalk rather than crossing in the middle of a block. Therefore, the trial court properly charged the jury with respect to section 33, because the intersection at Cedar Lane and Queen Anne Road was controlled by a traffic light.[1]

 Further, even if *N.J.S.A.* 39:4–34 were applicable here, in light of the undisputed facts it would have been harmless error to have omitted reference to section 34. It is clear both from the testimony and from the photographs in evidence that the crosswalk was not only at an intersection controlled by a traffic light, *N.J.S.A.* 39:4–33, but it was not a situation where a pedestrian would be excused from crossing at a crosswalk due to "the absence of a crosswalk." *N.J.S.A.* 39:4–34. The crosswalk in this case was clearly visible and readily accessible by walking a short distance. Plaintiff described it as being thirty steps away; an investigating police officer described it as being approximately one hundred feet from where plaintiff crossed the street. Even assuming that plaintiff's legal obligation, as defined by the statute, was an issue for the jury rather than the judge, no reasonable jury could decide otherwise than that this was not a situation in which there was an "absence of a crosswalk." Therefore, under either *N.J.S.A.* 39:4–33 or –34, plaintiff had a legal obligation to cross at the crosswalk.[2]

---

[1] In an ambiguous situation where, for example, plaintiff crossed at mid-block between an intersection controlled by a traffic light and one with only a crosswalk, it might be the better practice to charge the jury as to both statutes. *See Burd v. Vercruyssen, supra,* 142 *N.J.Super.* at 354, 361 A.2d 571. However, that is not this case.

[2] A violation of *N.J.S.A.* 39:4–33 is not per se negligence, but is only evidence of negligence. Under certain circumstances, the jury may find that a violation does not constitute negligence. *See Paiva v. Pfeiffer,* 229 *N.J.Super.* 276, 280, 551

Moreover, the distance from the crosswalk was not an issue in this case. Plaintiff did not present the jury with a factual issue as to whether the crosswalk was "available" or "absent" because of the distance to the corner. Plaintiff did not claim in his testimony that he crossed in mid-block because he felt it was too far to walk to the intersection. Rather, he testified that he felt he could safely cross where he did because the traffic happened to be stopped for a red light and there was a striped "no travel" area on the road. On cross-examination, after admitting that he was "jaywalking," plaintiff was asked "Was there any reason why you didn't use the crosswalk?" He replied "Because the light changed to red and I thought I was very safe walking in that area because there was only—the road had only one lane. I didn't think that there would be traffic from two vehicles." He also admitted that he did not look to his left before he stepped from in front of the bus into the striped section of the roadway; rather he only looked right to see if any cars were coming from the opposite lane of traffic. Hence, he did not see the defendant's car as she drove around the bus and into the striped area.

Based on the evidence presented at trial, we conclude that Judge Yannotti properly charged the jury with respect to *N.J.S.A.* 39:4–33. We also reject plaintiff's contention that the verdict was against the weight of the evidence.

Affirmed.

A.2d 201 (App.Div.1988). Hence, consistent with the applicable Model Jury Charge, Judge Yannotti properly charged the jury that "You may find that such violation constituted negligence on the part of the plaintiff or you may find that it did not constitute negligence." *Model Jury Charge (Civil)*, 5.20D, "Negligence–Automobiles," (2002); *see Burd v. Vercruyssen, supra,* 142 *N.J.Super.* at 354, 361 A.2d 571; *Phillips v. Scrimente,* 66 *N.J.Super.* 157, 161, 168 A.2d 809 (App.Div. 1961). We have no occasion here to explore the outer boundaries of the term "absence of a crosswalk" in terms of the distance that might make a crosswalk "absent" or otherwise justify a pedestrian in crossing at mid-block.