66 N.J. Super. 157 (1961)
168 A.2d 809
ROSA N. PHILLIPS AND SAMUEL PHILLIPS, PLAINTIFFS-APPELLANTS,
v.
SAMUEL SCRIMENTE, INDIVIDUALLY AND TRADING AS LACKAWANNA TAXI SERVICE, TERENCE MELIA, AN INFANT, BY HIS GUARDIAN AD LITEM, SARAH ELIZABETH OLEN, AND FREDERICK A. KINCH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1961.
Decided February 28, 1961.
*159 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Morris M. Schnitzer argued the cause for the plaintiffs-appellants (Messrs. Kasen, Schnitzer and Kasen, attorneys).
Mr. John J. Frank argued the cause for the defendants-respondents Samuel Scrimente and Terence Melia (Messrs. Hueston, Frank & Hueston, attorneys).
Mr. Baruch S. Seidman argued the cause for the defendant-respondent Frederick A. Kinch (Messrs. Reid & Flaherty, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
Rosa N. Phillips was a passenger in a taxicab owned by defendant Scrimente and driven by defendant Melia, when it collided with an automobile driven by defendant Kinch. She, and her husband per quod, sued for the allegedly resulting injuries. The trial court directed a verdict in favor of Kinch, and the jury returned a verdict in favor of the remaining defendants. Plaintiffs appeal.
Plaintiffs contend that it was error to direct a verdict in Kinch's favor. The accident happened when the taxi, proceeding west on Morris Avenue, Summit, turned left into Prospect Street and collided with Kinch's automobile, which was traveling north on Prospect Street. Prospect Street *160 forms a T intersection with Morris Avenue, the latter being the through street. There were no traffic lights at the intersection, but there was a stop sign on Prospect Street facing Kinch. The accident happened at 8 A.M., in clear weather.
Plaintiff's trial counsel (not Mr. Schnitzer) called defendant Melia as his witness but did not subpoena Kinch, and the latter did not appear at the trial nor was his testimony otherwise obtained. Mr. Schnitzer suggests that this was the cause of the ensuing debacle which swept away plaintiffs' case. Stone v. Dewarns, 7 N.J. Misc. 871 (Sup. Ct. 1929); Hoffman v. Smith, 6 N.J. Misc. 1090 (Sup. Ct. 1928). Cf. Murphy v. Terzako, 14 N.J. Super. 254 (App. Div. 1951).
Melia testified that he brought the taxi to a stop, preparatory to making the left turn, "about even with the easterly line of Prospect Street"; he had a clear view south on Prospect Street and saw Kinch's car standing still, "just close to the stop street sign," 20 to 25 feet "from the corner"; there were cars coming east on Morris Avenue which Melia "let clear." He then proceeded to make the left turn, and, when he was "halfway through the turn" he looked to his left again and saw Kinch a "few feet" from him "proceeding up" and "looking to the left" and not in Melia's direction. The impact, said Melia, took place "on the corner" of "the northbound lane of Prospect" at a point "about even with the southerly line [of Morris Avenue] if that line were extended across the intersection." The left front fender of the taxi and the left front bumper of Kinch's car came into contact.
Melia admitted that he had made the left turn too sharply; the collision was in the northbound lane of Prospect; Kinch was wholly within that lane, and moving only about 5 miles per hour; and that Kinch applied his brakes just before the impact. Nevertheless, it is our judgment that the evidence was enough to go to the jury upon the issue of Kinch's negligence. Upon the uncontradicted testimony *161 the taxi came to a stop on Morris Avenue in full view of Kinch. Since there were no traffic lights at the intersection, and Morris Avenue is a through street, the jury had the right to conclude that Kinch knew or should have known that the taxi had stopped for the purpose of making a left turn into Prospect Street. Kinch was on a stop street, and it was his duty under N.J.S.A. 39:4-144 not only to come to a complete stop but also to "proceed only after yielding the right of way to all traffic on the intersecting street which is so close as to constitute an immediate hazard." The jury could properly conclude that, without watching the taxi, Kinch proceeded with his head turned the other way, with the result that the cars collided in the southerly line of Morris Avenue. In short, the jury had the right upon the uncontradicted testimony to find Kinch negligent, and that his negligence was a proximate cause of the accident. The judgment in Kinch's favor is therefore reversed.
Under the circumstances of this case the reversal of the judgment as to one of the drivers would itself justify a reversal as well of the judgment in favor of the other. Greenberg v. Stanley, 30 N.J. 485, 504 (1959); Advance Piece Dye Works, Inc. v. Travelers Indem. Co., 64 N.J. Super. 405, 416 (App. Div. 1960). However, plaintiffs do not rely upon that, but assert that the trial judge committed error which requires the reversal of the judgment in favor of Melia and Scrimente as well.
Plaintiffs contend that one of those prejudicial errors arose from the following facts. The court charged the jury (emphasis ours):
"* * * it is the traffic laws of the State of New Jersey that after entering an intersection the law requires that the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Violation of any section of the traffic act is not of and by itself negligence but is a fact which may be considered by you in determining the whole situation."
The court said nothing else in its charge on this subject.
*162 The section of the traffic act to which the court had reference was N.J.S.A. 39:4-123(b), the pertinent portion of which provides as follows:
"* * * an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."
The quoted charge was obviously incomplete, and the underlined portion was doubtless difficult, if not impossible, for the jurors to comprehend. It is the obligation of the court to instruct the jury clearly in the rules of law by which the evidence is to be examined and upon which the jury is to determine the issues. Gabriel v. Auf Der Heide-Aragona, Inc., 14 N.J. Super. 558, 565 (App. Div. 1951); Kreis v. Owens, 38 N.J. Super. 148, 155 (App. Div. 1955); Grammas v. Colasurdo, 48 N.J. Super. 543, 552 (App. Div. 1958); Flynn v. Stearns, 52 N.J. Super. 115, 124 (App. Div. 1958). This is especially true when dealing with problems beyond the common experience of jurors, such as the effect of a statute upon the issues in the case. Evers v. Davis, 86 N.J.L. 196, 203-204 (E. & A. 1914).
The record shows that the jury was puzzled by the charge, for, after deliberating about two hours, it returned to the courtroom and asked two questions. The first was "whether you have to prove the cab company negligent before you are able to render a verdict in favor of Mrs. Phillips." The court's answer to this question is not challenged. As to the second question, the court then said: "You asked me to repeat the last part of my charge relating to the left turn, and I assume by that that you wanted that section of the traffic act which * * * I charged you before, and I will repeat it." He repeated the quoted charge, and then added a statement which included the following:
"A mere violation of the traffic act is not of and by itself sufficient to charge any defendant with negligence or failure to meet *163 the standards of care required. A violation of the traffic act is not of and by itself negligence."
When trial counsel objected the court replied, in the presence of the jury:
"Not of and by itself it isn't negligence. It is evidence which the jury may consider in its entire aspect of all the other evidence because otherwise * * * all someone would have to do is prove a violation of the traffic act and sit down. That isn't the case."
We conclude that this was prejudicial error, in spite of the fact that elsewhere in his charge the trial judge may have stated the rule technically without inaccuracy, for at no time did he state the rule with sufficient completeness and accuracy to counteract the erroneous statements above quoted. Kuczko v. Prudential Oil Co., 110 N.J.L. 111 (E. & A. 1933).
The jury had the right to infer negligence from the facts constituting the violation of N.J.S.A. 39:4-123(b), especially since Mrs. Phillips was a fare paying passenger. It is true that, in determining whether the violator was negligent, the jury should take into consideration not only (a) the standard of conduct established by the statute (Michaels v. Brookchester, Inc., 26 N.J. 379, 386 (1958); Evers v. Davis, supra) and (b) the facts that constitute the violation, but also (c) all other testimony which, in their judgment, bears upon the issue. However, if in fact, or in the opinion of the jury, there is no such other testimony, the jury may find negligence upon proof of (a) and (b) alone. Farley v. Kearson, 121 N.J.L. 622 (E. & A. 1939); Kuczko v. Prudential Oil Co., supra; Reeves v. Prosser, 109 N.J.L. 485 (E. & A. 1932); Hill Construction Co. v. Central R.R. Co., 11 N.J. Misc. 622 (Sup. Ct. 1933); Michaels v. Brookchester, Inc., supra; Evers v. Davis, supra. Cf. Church v. Diffany, 124 N.J.L. 100 (E. & A. 1940; but note the 8-7 vote). See also 38 Am. Jur., Negligence, § 158, p. 830.
*164 When the judge answered the jury's question in the manner above stated, and, in answer to the objection, added the quoted explanation, the jury very likely understood him to mean that the evidence of the facts constituting the violation  i.e., the too sharp left turn  was, standing alone, not sufficient to establish Melia's and Scrimente's negligence. This was prejudicial error, since there was practically no testimony of Melia's negligence other than the too sharp left turn.
Plaintiffs assert other errors. Since we reverse the judgment in favor of Melia and Scrimente upon the grounds already stated, it is not necessary to review them.
The judgment is reversed as to all issues and all parties, and the case is remanded for a new trial.
When this appeal came on for oral argument, we announced to counsel our intention to suppress the brief filed by Mr. Schnitzer's predecessor, and to order the filing of a new one, for reasons which we stated. Defendants requested, in the interests of saving their own time and expense, that we permit Mr. Schnitzer to argue the case forthwith without the necessity of filing a new brief. In view of the fact that Mr. Schnitzer had come into the case only shortly before the argument, we consented. However, the plaintiffs are denied the costs of this appeal.