CORRIGAN, PLAINTIFF-APPELLEE, *v.* AERO MAYFLOWER TRANSIT COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26149.   Decided January 31, 1963.

*Mr. James E. Canaris* and *Mr. Eugene P. Krent,* for plaintiff-appellee.
*Mr. John J. Crossen,* for defendant-appellant.

*Per Curiam.*   This is an appeal from a judgment of the Court of Common Pleas rendered upon a verdict returned by a jury in favor of plaintiff-appellee for personal injuries received as a result of a collision between a police car operated by plaintiff-appellee and a tractor trailer driven by an employee of defendant-appellant at the intersection of Lorain Avenue and Fulton Road in Cleveland, Ohio.

The factual situation developed on the trial is as follows:

On Sunday, February 1, 1959, at or about 9:45 A. M., a collision involving a Cleveland Police Department zone car and a tractor trailer unit owned by Aero Mayflower Transit Company occurred at the intersection of Lorain Avenue and Fulton Road in the City of Cleveland. The Cleveland Police zone car was being operated in a southerly direction on Fulton Road by Patrolman Frank P. Corrigan, then on duty as a member of the Cleveland Police Department, the plaintiff-appellee in this case. The tractor trailer unit was being operated in a westerly direction on Lorain Avenue by one William Flowers within the scope of his duties as an employee of Aero Mayflower Transit Company, the defendant-appellant. Patrolman Corrigan was injured as a result of the collision, was hospitalized and subsequently filed suit against the defendant-appellant herein for his injuries and recovered a verdict of Nine Thousand Dollars ($9,000.00) in the Court of Common Pleas of Cuyahoga County. The above facts are not in dispute.

Appellant's assignments of error are as follows:

1. The Trial Court erred in its charge on the meaning of the statute on required use of the siren and flasher.

2. Plaintiff Corrigan's act of crashing the red light without determining that he could go through the intersection with safety to others in or about the intersection was sole negligence as a matter of law, and the Trial Court should have so held.

3. If Flowers was negligent in any way, which is denied, Corrigan, the driver of the police car, was guilty of contributory negligence as a matter of law and his recovery should be barred.

4. Even if the Jury found that Flowers was driving in excess of the posted 25 m. p. h. speed sign, such act could not be the proximate cause of the collision.

Counsel for appellant in his brief poses for the consideration of the court the following questions:

1. Was not the Trial Court in error in not directing a verdict at the close of all the evidence?

2. Was the Trial Court in error in its charge on the flasher and on the siren?

3. Was the Trial Court in error in overruling defendant's

motion for judgment notwithstanding the verdict, and also its motion for a new trial?

We proceed to a consideration of the first assignment of error, to-wit: "The Trial Court erred in its charge on the meaning of the statute on required use of the siren and flasher." We have examined the court's charge as set forth in the bill of exceptions and note that the trial judge charged the jury in the exact language of the statute defining the rights and obligations of an emergency vehicle when entering an intersection controlled by a traffic signal, Section 4511.03, Revised Code. The same is true as pertains to the question of the speed of the emergency vehicle, Section 4511.24, Revised Code. The record indicates that the same occurred with respect to the "yield right-of-way" section of the code, Section 4511.45, Revised Code.

The record indicates further that in every instance when discussing the provisions of the code respecting the operation of the emergency vehicle the court was meticulous in its emphasis of the duty enjoined upon the operator that he "observe his duty to drive with due regard for the safety of all persons using the street or highway." We find no error in this phase of the court's charge relating to required use of the siren and flasher, the charge being in the exact language of the statute.

One other error attributed to the trial court in his charge as relates to the right-of-way is pointed out in appellant's brief. Appellant counsel urges that the court erred in his instructions by including the provisions of Section 4511.41, Revised Code, which said: "The operator of a vehicle shall yield the right-of-way at an intersection to a vehicle approaching from the right."

Counsel points out properly that this statute has no application to an intersection controlled by a traffic light. We hold that it was error on the part of the trial judge to include this language in the charge. We do conclude, however, that in view of the full and careful manner in which the court defined the rights and duties of the respective parties, taking the charge in its entirety, the error was not of a prejudicial nature.

As to assignments of error Nos. two and three:

2) Plaintiff Corrigan's act of crashing the red light without determining that he could go through the intersection with safety to others in or about the intersection was sole negligence

as a matter of law, and the trial court should have so held.

3) If Flowers was negligent in any way, which is denied, Corrigan, the driver of the police car, was guilty of contributory negligence as a matter of law and his recovery should be barred.

These two assignments of error will be considered together.

Was Corrigan's operation of the emergency vehicle, under the circumstances, negligence, and, therefore, the sole cause of this accident *as a matter of law*? If, arguendo, Flowers was negligent in any way, was Corrigan guilty of contributory negligence *as a matter of law* so as to bar any recovery?

Upon examination of the evidence contained in the bill of exceptions, the record develops factual situations that under the law were to be determined by the jury under proper instructions of the court. We, therefore, conclude that the trial court properly submitted these issues of fact to the jury and did not err in holding that Corrigan's conduct was not negligent *as a matter of law* and that Corrigan was not guilty of contributory negligence *as a matter of law*. Assignments of error Nos. two and three are overruled.

Assignment of error No. four:

4) Even if the Jury found that Flowers was driving in excess of the posted 25 m. p. h. speed sign, such act could not be the proximate cause of the collision.

Counsel for appellant in his brief stated, at page 2 thereof:

"Flowers was about to enter the intersection with the light in his favor when Corrigan popped out from around the building."

And again, at page 4, he proceeds:

"As he (Flowers) reached the easterly crosswalk, he first observed the police car, which plaintiff was driving, coming through the red light. He attempted to apply his brakes but the collision occurred almost instantly."

These are counsel's conclusions from his client's testimony. Counsel believes his client's version of this, and no one finds fault with that. That, however, is not the sole question. The question as we view it, is:

"Could he (Flowers) have heard or should he have heard the siren blowing before he reached the crosswalk?"

There is testimony in the record that the flasher would have

been visible at a distance 108 feet from the intersection. There is testimony in the record that east of the Cleveland Trust Building, there was an open space, constituting a parking lot. As we understand the law, it is not whether Flowers saw or heard, but should he have seen and heard, or could he have seen and heard the flasher and the siren if he were in the exercise of ordinary care. All of this in addition to other witnesses who testified on the subject.

There is evidence in the record that indicates that Flowers was traveling at a speed of 39 m. p. h. It is further developed in the evidence that had flowers been traveling at a speed of 25 m. p. h. and had observed and heard the police car light and siren at the point where he could have seen it, by the exercise of ordinary care, he could have avoided the collision.

In view of this analysis of the evidence, it was the duty of the trial court to submit to the jury the issue of proximate cause. This the court did under proper instructions. The jury returned a verdict in favor of the plaintiff which means that they found that the defendant's driver was guilty of negligence and that such negligence was the proximate cause of plaintiff's injuries and that Corrigan was not guilty of contributory negligence.

In view of the record, we cannot say that the agent of the defendant in this action could not have been the proximate cause of this collision. Accordingly, assignment of error No. four is overruled.

In view of the foregoing, we conclude and hold that in answer to the questions posed by counsel in his brief:

1. That the trial court was not in error in not directing a verdict at the close of all of the evidence.

2. That the trial court did not err in its charge on the flasher and on the siren, and

3. That the trial court did not err in overruling defendant's motion for judgment notwithstanding the verdict and also its motion for a new trial.

We hold further that the trial court did not err in overruling defendant's objections separately to each of the three allegations of negligence.

In view of the foregoing, the judgment of the Court of Common Pleas is affirmed.

HURD, P. J., ARTL and CORRIGAN, JJ., concur.