119 N.J. Super. 56 (1972)
290 A.2d 152
MARY ANN DePOLO, PLAINTIFF-RESPONDENT,
v.
SILVYA CAPLAN AND ALEXANDER CAPLAN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1972.
Decided April 18, 1972.
Before Judges COLLESTER, MINTZ and LYNCH.
*57 Messrs. Evans, Hand, Allabough & Amoresano, attorneys for appellants (Mr. Brian J. McGrievy, of counsel).
Mr. Louis T. Gallo, attorney for respondent.
PER CURIAM.
This is an appeal from a jury verdict in favor of plaintiff for personal injuries sustained in a motor vehicle accident.
The accident occurred at 2:45 P.M. on July 30, 1966 at the intersection of Park Street and Claremont Avenue in Montclair. The intersection is controlled by automatic three-color traffic lights. Plaintiff was driving her automobile in a northerly direction on Park Street. As she entered the intersection of Claremont Avenue she collided with the left side of a motor vehicle operated by Thomas Qualy which was crossing the intersection and proceeding westerly on Claremont Avenue. Immediately thereafter plaintiff's automobile was struck by a car driven by the defendant, Silvya Caplan, which was crossing the intersection in an easterly direction on Claremont Avenue. Qualy, Mrs. Qualy and the defendant testified that the traffic light was green when they reached the intersection and that plaintiff went through a red light. Plaintiff testified that the traffic light was green for her as she entered the intersection but changed to amber when she reached the middle of the intersection and struck the Qualy car.
Defendant raises seven points as grounds for a reversal. We find all of them to be without merit except one. The trial judge charged the jury, in pertinent part, as follows:
In this case, in support of the charge of negligence made, it is asserted that the defendant violated a provision or provisions of the traffic act. The provisions that I'm about to read to you are known as revised statutes, they were passed by the legislature to regulate the conduct of drivers on the highways. There was testimony that the intersection in question was a controlled intersection, namely, that it had traffic signals on it controlling it. That the plaintiff was traveling in a northerly direction on the highway known as Park Avenue and that the defendant was traveling on Claremont Avenue, *58 that would place the defendant  that would place the plaintiff, rather, to the right of the defendant. 39:4-90 says, that is the statute, "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection."
You will bear in mind the testimony was that the plaintiff and another car had both entered the intersection, they had a collision, and that the defendant in a varied estimate of time from five seconds to one minute then entered the intersection and struck the plaintiff's car.
Defendant objected to the reference to N.J.S.A. 39:4-90, the right-of-way statute, on the ground that it was not applicable to the case since traffic at the intersection was controlled by the traffic lights. However, the court did not recharge the jury on the subject.
We hold that it was prejudicially erroneous on the part of the trial judge to refer to N.J.S.A. 39:4-90 in the charge. The right-of-way statute does not apply at intersections where traffic is controlled by traffic signals. See Corrigan v. Aero Mayflower Transit Company, Ohio App., 91 Ohio Law Abst. 26, 187 N.E.2d 622, 624 (Ct. App. 1963); Smith v. Flannery, 383 Pa. 526, 119 A.2d 224, 227 fn. 2 (Sup. Ct. 1956); Spence v. Carne, 40 Tenn. App. 580, 292 S.W.2d 438, 447 (Ct. App. 1954); Shoe v. Hood, 251 N.C. 719, 112 S.E.2d 543, 548-549 (Sup. Ct. 1960).
It is undisputed that plaintiff's car entered the intersection before defendant's. The charge was misleading because it permitted the jury to conclude that the judge's subsequent reference to N.J.S.A. 39:4-81 (observing traffic signals) and N.J.S.A. 39:4-105 (three-color traffic signals) did not govern the conduct of the parties upon approaching the intersection.
Reversed and remanded for a new trial.