VERNA E. HORBAL, ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF VERNON· ELLISON, DECEASED, PLAINTIFF-APPELLANT, v. LAVINA P. McNEIL, DEFENDANT-RESPONDENT, AND ELIZABETH L. McNEIL, DEFENDANT.

Argued November 6, 1974—Decided November 19, 1974.

Mr. *Michael D. Schottland* argued the cause for plaintiff-appellant (*Messrs. Chamlin, Schottland & Rosen, P. A.,* attorneys); Mr. *Thomas W. Cavanagh, Jr.* on the brief.

Mr. *Stephen J. Foley* argued the cause for defendant-respondent (*Messrs. Campbell, Foley, Lee, Murphy & Cernigliaro,* attorneys).

The opinion of the court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. This is an automobile intersection accident case in which the court entered judgment for the defendant motorist on a jury verdict of no cause for action, both drivers being found negligent. The Appellate Division affirmed, but with one judge dissenting because of what he regarded as reversible error in the trial court's charge on the effect of a violation of the traffic act. The plaintiff's appeal to this court is authorized solely by that dissent. *R.* 2:2–1(a)(2).

Plaintiff's decedent was driving a laundry van south through the intersection of Brinckerhoff Avenue and Kiawah Avenue in Freehold on a clear day when the van was struck on its right side in the intersection by an automobile driven by defendant proceeding east. There was credible evidence that the van was going at the rate of 30 miles per hour or more while approaching the intersection and that it did not slow down or change direction before the collision. The area was a residential district wherein the statutory

maximum speed rate is 25 miles per hour. *N. J. S. A.* 39:
4–98, subd. b. The evidence was uncertain as to which
vehicle entered the intersection first, but there was proof
that defendant slowed down for a bump in the road before
entering the intersection.

The trial judge charged the jury as to the content of
several provisions of the traffic act including the legal speed
limit in residential districts mentioned above; the require-
ment that a driver "drive at an appropriate reduced speed
when approaching and crossing an intersection", *N. J. S. A.*
39:4–98; and that directing that a driver approaching an
intersection yield the right of way to a vehicle which has
entered the intersection, the driver on the right having the
right of way if both vehicles enter the intersection at the
same time. *N. J. S. A.* 39:4–90.

The difference between the Appellate Division judges
arose over the following portion of the charge:

Now, we have a 'statute, and I'm about to read from some of those
statutes here but before I do I want to caution the jury that if, in
fact, you find there has been a violation of any of the statutes I'm
about to read by either or both of these drivers, that such violation
does not automatically make the violator negligent under our law.

Our law provides that if, in fact, a jury finds that there has been
a violation or more than a violation, more than one violation, then
the jury is *required* to treat that violation as being evidential.

The jury is *required* to consider that violation along with all of
the evidence, other evidence in the case, and it may well be that
after a comparison and consideration of all the evidence the violation
may be the one thing you jurors may predicate negligence in this
case. (emphasis added).

Plaintiff took exception to the word "required" in the
charge on the ground that under our case law the jury had
an option whether to consider a statutory violation as evi-
dence of negligence and were not "required" to do so, as as-
sertedly implied by the charge. The dissenting judge held
the same view, adding he felt that the further reference to
the possibility that the jury might find the violation to be
the "one thing" on which negligence might be predicated

caused the jury erroneously to believe they must find negligence if they found a statutory violation.

The Appellate Division majority found the charge not a departure from applicable case law on the subject. We agree with the Appellate Division majority, and think the dispute may represent more a problem in semantics than in substantive case law. In any event, we do not find the language of the charge to have been clearly capable of producing an unjust result in the circumstances here presented. *R.* 2:10–2.

█ The traffic regulations in the statute do not create separate causes of action for their violation but they do create standards of conduct violation of which a jury in a negligence action "should take into consideration" in arriving at their ultimate determination of negligence *vel non. Phillips v. Scrimente,* 66 *N. J. Super.* 157, 163 (App. Div. 1961); and see *Michaels v. Brookchester, Inc.,* 26 *N. J.* 379, 386 (1958); *Rappaport v. Nichols,* 31 *N. J.* 188, 202–203 (1959); and *Fortugno Realty Co. v. Schiavone-Bonomo Corp.,* 39 *N. J.* 382, 392 (1963). Both of the latter cases refer to statutory violations "as evidence of negligence" (at the pages cited). An early typical application of the rule to a street traffic regulation is *Chiapparine v. Public Service Ry. Co.,* 91 *N. J. L.* 581, 584 (E. & A. 1918), where the court said that a statutory violation "is a *circumstance to be considered* in deciding whether or not the motorman operated his car with reasonable care in the circumstances presented to him, *but* it is *not controlling* as to his negligence". (emphasis in the original).

The authorities cited are not at all inconsistent with such expressions, found in the cases relied upon by plaintiff, as that:

It is, of course, the general rule that the violation of a statute, while not negligence *per se,* is evidence which may be considered by a jury together with all of the evidence in determining issues of negligence or contributory negligence. *Mattero v. Silverman,* 71 *N. J. Super.* 1, 9 (App. Div. 1961), certif. den. 36 *N. J.* 305 (1962).

See also *Ellis v. Caprice,* 96 *N. J. Super.* 539, 553 (App. Div.), certif. den. 50 *N. J.* 409 (1967).

██ ██ The substance of the matter is that, providing the court is satisfied that a jury could reasonably find proximate relation between the statutory violation and the accident, the jury should be charged that the statutory violation, if found, should be given consideration by them, along with all the other relevant circumstances, in arriving at their ultimate determinations of negligence or contributory negligence. What probative weight, if any, they may wish to accord that violation is a matter for the jury's assessment. Only in the latter sense does the language, "evidence which *may* be considered by a jury," (emphasis added) from the *Mattero* opinion, quoted above, properly import an option in the jury. The jury does not have an option totally to ignore, or to refuse even to give consideration to the fact of a violation of a relevant statute. And it is in that sense that it is unexceptionable to say that the jury is required to consider evidential the circumstance of a statutory violation.

While we do not endorse the language employed in the charge by the trial judge in this case, we find no real capacity for injustice in the trial court's having told the jury they were *required* to treat a statutory violation *as evidential,* in contrast with telling them they were required *to give consideration to the circumstance* of a statutory violation (along with all the other attendant circumstances) — an instruction which plaintiff presumably would not fault.

██ Here there was clear evidence of violation by the decedent of at least two of the statutory precepts — not exceeding a speed of 25 miles per hour, and slowing down appropriately when approaching and traversing the intersection. The jury could well have found either or both violations to have been proximate causes of the accident. Indeed, in the circumstances of this case the jury could have been properly instructed that they were entitled, if they so chose, to base an ultimate finding of contributory negligence on

either of these violations, if found, of themselves. *Phillips v. Scrimente, supra* (66 *N. J. Super.* at 163.)[1]

Nor can we fault the trial judge's reference at the end of the above-quoted portion of his charge to the consideration that a statutory violation might be the single basis for the jury's predication of negligence. The judge is entitled to comment on the evidence, within limitations. *Ridgewood v. Sreel Investment Corp.*, 28 *N. J.* 121, 128 (1958). From our recital of the basic facts it is evident that the comment was justified.

We have given consideration to a number of other asserted trial errors complained of by plaintiff and find them neither to warrant a reversal of the judgment nor to call for discussion.

Judgment affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—7.

*For reversal*—None.

---

[1]Note the exceptional situation presented in *Dolson v. Anastasia*, 55 *N. J.* 2, 10–11 (1963), wherein it was held that a motorist's failure to maintain a reasonably safe distance behind the vehicle ahead "*is* negligence and the jury should be so instructed" (emphasis in original), not merely evidence of negligence. This is so even though the standard is incorporated in the traffic statute. *N. J. S. A.* 39:4–89.