**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1886-18T1

ANDREW RICHMOND,

Plaintiff-Appellant,

v.

DEREK KHOROZIAN and VAROUJAN KHOROZIAN,

Defendants-Respondents.

---

Argued October 21, 2019 – Decided December 18, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3681-17.

Gregory D. Shaffer argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Gregory D. Shaffer, of counsel and on the briefs).

Katherine M. Romanek argued the cause for respondents (Hughes & Associates, attorneys; Katherine M. Romanek on the brief).

PER CURIAM

Plaintiff Andrew Richmond appeals from the denial of his motion for a new trial. Plaintiff and defendant Derek Khorozian[1] filed suit against each other after a motor vehicle collision, and a trial was held on the issue of liability. Plaintiff asked the judge to charge the jury on two motor vehicle statutes: N.J.S.A. 39:4-90, on the right of way at intersections, and N.J.S.A. 39:4-98, on rates of speed. The judge declined to charge the jury on these statutes. During trial, plaintiff challenged statements made by defendant's attorney to the jury that the law did not impose upon defendant the duties required by N.J.S.A. 39:4-90 and N.J.S.A. 39:4-98. After a two-day trial, the jury found both parties negligent, attributing seventy percent of the negligence to plaintiff. Plaintiff moved for a new trial, contending that the judge erred in failing to charge the jury on the two motor vehicle statutes and in failing to issue a curative instruction after defendant's attorney misstated the law. Having reviewed the record, and in light of the applicable law, we reverse and remand for a new trial.

We recite the relevant facts from the record. On June 8, 2015, plaintiff was driving northbound in the left-hand lane on Teaneck Road. Plaintiff

[1] Derek Khorozian is now deceased. Varoujan Khorozian is Derek Khorozian's father and the administrator ad prosequendum of his estate. Although he was named as a defendant, he was not involved in the collision. Accordingly, we use defendant to refer only to Derek Khorozian.

approached a green light at the intersection of Selvage Avenue, turned on his left turn signal, and waited to turn left. At the same time, defendant was driving southbound on Teaneck Road, headed toward a green light at the same intersection. While plaintiff waited in the intersection, a car was stopped in the left-hand southbound lane (opposite plaintiff), presumably waiting to turn left. Plaintiff did not see any cars in the right-hand southbound lane, so he began to turn left. As he turned, defendant's car entered the intersection from the right-hand southbound lane and collided with plaintiff's car. Plaintiff did not observe defendant attempt to slow down or otherwise avoid the collision. Thereafter, the parties filed suit against each other, and their actions were consolidated.

Before trial, plaintiff proposed that the judge instruct the jury on two motor vehicle statutes: N.J.S.A. 39:4-90 and N.J.S.A. 39:4-98. N.J.S.A. 39:4-90 governs the right of way at intersections:

> The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When [two] vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right.
>
> The driver of a vehicle within an intersection intending to turn to the left shall yield to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but the driver having so yielded, and

> having given a signal when and as required by law, may make the left turn; and other vehicles approaching the intersection from the opposite direction shall yield to the driver making the left turn.

N.J.S.A. 39:4-98 governs rates of speed, providing in pertinent part that "[t]he driver of every vehicle shall . . . drive at an appropriate reduced speed when approaching and crossing an intersection." The judge declined to charge the jury on the duties these statutes imposed, reasoning that his instructions would adequately address plaintiff's concerns and inform the jurors of their duties.

During trial, the court heard testimony as to the speed of defendant's car before the collision. A nearby driver testified that he had driven upon the scene of the collision, after heading south toward the intersection, and observed that one of the cars involved had passed him on the right "at a high rate of speed," two blocks north of the intersection. Plaintiff also testified that while he was waiting to turn left, he did not see defendant, and when it appeared safe to turn and he began to do so, he saw defendant "dart out, at a very fast speed" just before the collision. Although plaintiff could not ascertain the exact speed of defendant's car, he observed that "[defendant's] car was already moving at a fast rate of speed, like . . . he hit the gas to . . . go around the car that he was behind as if he was in a rush of some kind."

Before closing arguments, plaintiff again requested that the judge charge the jury on the two motor vehicle statutes, but the judge declined. During defendant's closing, his attorney told the jury that a driver had no duty to slow down when approaching an intersection and no duty to yield to another car in an intersection, which conflicted with N.J.S.A. 39:4-90 and N.J.S.A. 39:4-98. Plaintiff challenged this statement of the law and again requested that the judge charge the jury on the two motor vehicle statutes, but again the judge declined.

The judge then charged the jury, reciting Model Jury Charges (Civil), 5.30C, "Left-hand Turn" (approved Mar. 1991), which provides, in part,

> [w]ith respect to a left-hand turn . . . the risk of harm is ordinarily increased beyond that which exists when a motor vehicle is proceeding along a direct course. . . .
>
> Accordingly, the law provides that a person seeking to do so has the duty to seek an opportune moment and to exercise a degree of care in proportion to the increased danger involved in the turn. Therefore, it is for you to determine whether a reasonably prudent person charged with that duty would, under the circumstances of this case, have made the turn when . . . (plaintiff) here did.

The judge added the following with respect to a driver's duties at an intersection, referring to Model Jury Charges (Civil), 5.30G, "Duty of Automobile Driver to Make Observations" (approved before 1983):

> The fact that an operator of an automobile cannot see up an intersecting street until he/she actually in it, does not obligate him/her to get out of the car and look up and down the street before proceeding over or into it. A person is not required to extend his/her vision beyond a point where vehicles traveling at a lawful speed would threaten his safety. The duty imposed upon a motorist in such situation is to approach the obscured intersection with reasonable care and caution, commensurate with the risk involved. This duty requires the motorist to have his/her vehicle under proper control, to operate it at an appropriate speed and to make such reasonable and effective observations as a reasonably prudent person would make, commensurate with the risk of danger involved.

The judge finished his instructions and sent the jury to deliberate. The jury found both parties negligent and found plaintiff seventy percent negligent.

Following the verdict, plaintiff moved for a new trial, insisting that the judge should have instructed the jury on the two motor vehicle statutes. After hearing oral argument, the judge denied plaintiff's motion. He reasoned that applying N.J.S.A. 39:4-90, on the right of way at intersections, "would cause chaos" under these circumstances, and he concluded that the statute did not apply at a controlled intersection. He also concluded that N.J.S.A. 39:4-98, on rates of speed, did not apply because the record lacked sufficient evidence as to the speed of defendant's car. This appeal ensued.

Plaintiff argues that the judge erred in failing to instruct the jury on N.J.S.A. 39:4-90 and N.J.S.A. 39:4-98. He contends that the right of way at intersections statute applies at a controlled intersection. Further, he asserts that the judge erroneously instructed the jury on only part of the statute, which favored defendant.[2] Plaintiff also contends that there was sufficient evidence as to the speed of defendant's car to permit a jury charge on the rates of speed statute.

We review a motion for a new trial under the same standard that governed the trial judge. Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 522 (2011). "The trial judge shall grant the motion if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law." R. 4:49-1(a); see also R. 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result[.]"). A miscarriage of justice results when the verdict was "clearly the product of mistake, passion, prejudice or partiality."

---

[2] Plaintiff does not quote the language to which he refers, but based on a reading of the statute, he is likely referring to the following: "The driver of a vehicle within an intersection intending to turn left shall yield to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard[.]" N.J.S.A. 39:4-90.

Crawn v. Campo, 136 N.J. 494, 511-12 (1994) (quoting Lanzet v. Greenberg, 126 N.J. 168, 175 (1991)).

In reviewing a jury charge, we "consider the charge as a whole to determine whether the charge was correct." Toto v. Ensuar, 196 N.J. 134, 144 (2008) (citing Viscik v. Fowler Equip. Co., 173 N.J. 1, 18 (2002)). If the charge was incorrect, we will not reverse if the error was "incapable of producing an unjust result or prejudicing substantial rights." Washington v. Perez, 219 N.J. 338, 351 (2014) (quoting Mandal v. Port Auth. of N.Y. & N.J., 430 N.J. Super. 287, 296 (App. Div. 2013)).

"[A]ppropriate and proper charges to a jury are essential for a fair trial." Velazquez v. Portadin, 163 N.J. 677, 688 (2000) (quoting State v. Green, 86 N.J. 281, 287 (1981)). A jury charge should communicate "in clear understandable language the law that applies to the issues in the case." Toto, 196 N.J. at 144 (citing Mogull v. CB Commercial Real Estate Grp., Inc., 162 N.J. 449, 464 (2000)). The charge must "explain[] the applicable legal principles, outline[] the jury's function, and spell[] out 'how the jury should apply the legal principles charged to the facts of the case at hand.'" Ibid. (quoting Viscik, 173 N.J. at 18). Model jury charges provide guidelines for instructing the jury, and the judge "must modify [them] when necessary so that [they] conform[] with the facts,

circumstances, and law that apply to the case being tried." Ewing v. Burke, 316 N.J. Super. 287, 294 (App. Div. 1998).

Generally, a violation of a motor vehicle statute is evidence of negligence. Horbal v. McNeil, 66 N.J. 99, 103 (1974). When there is evidence tending to show that a driver violated a motor vehicle statute, "the jury should be charged that the statutory violation, if found, should be given consideration by them . . . in arriving at their ultimate determination[] of negligence[.]" Id. at 104. "What probative weight, if any, they may wish to accord that violation is a matter for the jury's assessment." Ibid.; see also Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 415 (1997) (quoting Ferdinand v. Agric. Ins. Co. of Watertown, N.Y., 22 N.J. 482, 494 (1956)) ("[W]here men of reason and fairness may entertain differing views as to the truth of testimony . . . evidence of such a character is for the jury[.]").

Applying these principles, we conclude that the judge erred in determining that DePolo v. Caplan, 119 N.J. Super. 56, 58 (App. Div. 1972) established a bright-line rule that N.J.S.A. 39:4-90 can never apply to a collision that occurred at a controlled intersection. The statute itself does not restrict its application to collisions at uncontrolled intersections. Moreover, DePolo is factually distinguishable from this matter, as it involved an intersection collision where

the parties disputed who had the green light. Id. at 57. Under those facts, we held that to charge N.J.S.A. 39:4-90 "was misleading because it permitted the jury to conclude that the judge's subsequent reference to N.J.S.A. 39:4-81 (observing traffic signals) and N.J.S.A. 39:4-105 (three-color traffic signals) did not govern the parties." Id. at 58. Here, in contrast, both parties had a green light, and the dispute centered on the respective duties of drivers traveling in opposite directions.

Although the judge provided the jury with Model Jury Charges (Civil), 5.30C, "Left-hand Turn," that charge focused only on plaintiff's duty when making a left-hand turn. Charging the jury with N.J.S.A. 39:4-90 would have more clearly explained the applicable legal principles governing defendant's duty when approaching an intersection where the driver opposite him was making a left-hand turn. See Toto, 196 N.J. at 144 (quoting Viscik, 173 N.J. at 18). The jury would have learned that plaintiff was required to yield only if defendant was "within the intersection or so close thereto as to constitute an immediate hazard, but . . . having so yielded," plaintiff was permitted to proceed. N.J.S.A. 39:4-90. Further, a "vehicle[] approaching the intersection from the opposite direction [was required to] yield to the driver making the left turn." Ibid. Accordingly, the jury may have found that, but for defendant's speeding,

he was not "so close [to the intersection] as to constitute an immediate hazard" when plaintiff began making the left-hand turn, and thus, plaintiff was not negligent. Ibid.

In addition, we conclude that the judge erred in denying plaintiff's request to charge N.J.S.A. 39:4-98, requiring a driver to reduce speed when approaching and crossing an intersection. Plaintiff and another witness testified that defendant was traveling at a fast speed before the collision. While the judge may not have found plaintiff credible since he only saw defendant's car for "a few seconds," the jury, not the judge, was required to assess the credibility of the testimony. See Horbal, 66 N.J. at 103.

Further, the jury charge did not include any instruction as to a driver's duty with regard to speed, other than that a driver must approach an obscured intersection at an "appropriate speed." Instructing the jury on N.J.S.A. 39:4-98 would have more clearly explained the applicable legal principles governing a driver's duty with regard to speed when approaching an intersection. See Toto, 196 N.J. at 144 (quoting Viscik, 173 N.J. at 18). Had the jury been instructed on defendant's statutory duty to reduce his speed when approaching and entering the intersection, they may have reached a different verdict.

Thus, we conclude that the judge erred in declining plaintiff's requests to charge the jury with N.J.S.A. 39:4-90 and N.J.S.A. 39:4-98. We cannot confidently say that this error was harmless, as the entire theory of plaintiff's case was that defendant was speeding as he approached and entered the intersection, and he failed to yield to plaintiff as plaintiff made a left-hand turn.

To the extent we have not specifically addressed any remaining arguments raised by the parties, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for a new trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION