MORTON YATES, AN INFANT, BY NELLIE YATES, HIS NEXT FRIEND, AND NELLIE YATES, INDIVIDUALLY, RESPONDENTS, v. KATHLEEN MADIGAN AND CLARENCE MORRELL, APPELLANTS, AND ELVA MORRELL, DEFENDANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellants, *Collins & Corbin* and *Edward A. Markley* (*Howard F. McIntyre*, of counsel).

For the respondents, *Arthur M. Birdsall* (*Theodore C. Parsons*, of counsel).

PER CURIAM.

The opinion of the Supreme Court adequately sets forth the facts presented in the trial court and the legal questions involved in the motions for nonsuit and for direction of a verdict for the defendants. The requests for instructions to the jury were in part also adequately and properly considered. We think it desirable, however, to deal more fully with the status of the law with respect to the right of way as set forth in certain provisions of the Traffic act of 1928, and as invoked in the requests.

Section 2 of article 8 of chapter 281, laws of 1928, page 733, provides as follows:

"Excepting as herein otherwise provided, every driver of a vehicle when entering or crossing any intersection shall grant the right of way at all times to any vehicle approaching from his right."

Section 12, page 735, provides:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

The two requests for instructions were obviously intended to present these provisions of the law; the situation of the motorcycle and the automobile being that the automobile was approaching an intersection of the highway on which the motorcycle was being driven from its left. The requests were in the following language:

"18. If you find that the automobile arrived at the intersection before the motorcycle did, and had not passed over the intersection before the arrival of the motorcycle, then under those circumstances the automobile had the right of way.

"19. Every driver of a vehicle, when entering or crossing any intersection, shall grant the right of way at all times to any vehicle approaching from his right."

The latter request is apparently intended to quote the exact language of section 2. It fails, however, to incorporate therein the preliminary words, "excepting as herein otherwise provided."

The trial judge refused to instruct the jury in the language of the requests and said that the rule was not absolute, but relative, and subject to the circumstances of each particular case. There was no exception taken to the instructions, but the refusal to charge as requested was excepted to and here presented as a ground of appeal.

These sections of the act are to be read together, and in the abstract are intended to require that where vehicles enter an intersecting highway at approximately the same time the vehicle on the right shall have the right of passage when the operators of both vehicles are exercising reasonable care in their operation; subject, however, to other situations contemplated in other sections of the act.

The highway upon which the automobile of the defendant was being driven was marked by a "stop street" notice. Section 3 of article 10 of the act (page 739) provides that:

"It shall be unlawful for the driver of any vehicle or street car to enter upon or cross any 'stop street,' so designated and marked unless he shall have first brought his vehicle or street car to a complete stop at a point within five feet of the nearest crosswalk, or a 'stop' line, marked upon the pavement, at the nearest side of such 'stop street,' unless authorized or ordered otherwise by a traffic or police officer stationed at such intersection, or unless such intersection shall be controlled by signal lights; providing, however, that where 'stop streets' intersect each other, the board or boards, body or bodies having control of the highway shall designate the highway to be known as the 'stop street,' and shall post but one of the said highways."

By the terms of this section it was the duty of the operator of defendant's automobile to stop as therein required. There

was no such duty on the operator of the motorcycle. It is therefore quite clear that this section modifies the abstract duty as defined in sections 2 and 12 within the scope of the language "excepting as herein otherwise provided" as used in section 2. It will be readily apparent that an automobile which is required to stop within five feet of the nearest crosswalk cannot be expected to hold up traffic that is lawfully proceeding on another highway from its left until it shall have again started and proceeded across.

What is here said is by way of interpretation only, and is not intended to modify the decisions of this court respecting the probative force resulting from violation of the various sections of the Traffic act.

With these amplifying comments, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.