```
NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION
```
This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5176-16T1

MARIA TROIANI-SCHWARTZ and
MICHAEL SCHWARTZ,

    Plaintiffs-Appellants,

v.

ELIZABETH M. DICKER, KEVIN
LISSENDEN, and PRINCETON CHILD
DEVELOPMENT INSTITUTE,

    Defendants-Respondents.

_____

Argued June 4, 2018 — Decided June 26, 2018

Before Judges Ostrer and Firko.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2082-14.

Brandon C. Simmons argued the cause for appellants (Szaferman, Lakind, Blumstein & Blader, PC, attorneys; Craig J. Hubert, of counsel; Brandon C. Simmons, on the briefs).

Thaddeus J. Hubert, IV argued the cause for respondents Elizabeth M. Dicker and Kevin Lissenden (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Thaddeus J. Hubert, IV, of counsel and on the brief).

Christopher J. O'Connell argued the cause for respondent Princeton Child Development

Institute (Sweeney & Sheehan, PC, attorneys; Christopher J. O'Connell, of counsel; Joseph M. Hauschildt, Jr., on the brief).

PER CURIAM

In this personal injury case, plaintiffs Maria Troiani-Schwartz ("plaintiff") and her husband Michael Schwartz asserting a per quod claim, appeal from the June 9, 2017 trial court decision granting summary judgment to defendants Elizabeth M. Dicker ("defendant"), Kevin Lissenden, and Princeton Child Development Institute. Plaintiffs also appeal from the denial of their motion for reconsideration. Judge Douglas H. Hurd determined that there were no genuinely disputed issues of material fact from which a reasonable jury could conclude defendant negligently operated her vehicle at the time of the intersectional collision in which plaintiff was injured. For the reasons that follow, we affirm.

The summary judgment motion record, construed in the light most favorable to plaintiff as required by Rule 4:46 and Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), discloses the following facts. The collision occurred at the intersection of Route 31 and the exit ramp from I-95 toward Bull Run Road in Hopewell. On the day of the collision, the traffic light controlling the intersection was not working due to Hurricane Sandy.

According to plaintiff's deposition testimony, she first saw defendant's vehicle on the ramp before the intersection "500 feet away," and assumed defendant was going to stop. Defendant testified that she came to a complete stop and looked both ways before entering the intersection. Plaintiff sped up and crossed the intersection because she thought she had the right of way. She admitted that she was unaware of her duty to come to a complete stop at the uncontrolled intersection.

Based on the foregoing facts, the trial court granted defendant summary judgment. The court concluded that plaintiff proffered no competent evidence that created a genuinely disputed issue of fact to refute that defendant had the right-of-way and made reasonable observations. Plaintiff appealed.

When a party appeals from an order granting summary judgment, our review is de novo and we apply the same standard as the trial court under Rule 4:46-2. Qian v. Toll Bros. Inc., 223 N.J. 124, 134-35 (2015). First, we determine whether the moving party demonstrated there were no genuine disputes as to material facts, and then we decide whether the motion judge's application of the law was correct. Qian, 223 N.J. at 126. "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party,

would require submission of the issue to the trier of fact." R. 4:46-2(c). We review the legal conclusions of the trial court de novo, without any special deference. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); see also Qian, 223 N.J. at 135.

To prove a defendant was negligent, a plaintiff must establish that: (1) the defendant owed her a duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered an injury proximately caused by defendant's breach. Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997). The mere happening of an accident raises no presumption of negligence. Allendorf v. Kaiserman Enters., 266 N.J. Super 662, 670 (1993). Negligence will not be presumed; rather, it must proved. Rocco v. N.J. Transit Rail Operations., 330 N.J. Super. 320, 338-39 (App. Div. 2000). There is a presumption against negligence, and the burden of establishing such negligence is on plaintiff. Buckelew v. Grossbard, 87 N.J. 512, 525 (1981).

The parties do not dispute the traffic light controlling the intersection was not functioning at the time of the collision. Hence, pursuant to our traffic laws, "the driver to the right at an uncontrolled intersection . . . [has] the right of way, N.J.S.A. 39:4-90." Civalier v. Estate of Trancucci, 138 N.J. 52, 59 (1994). Plaintiff was legally obliged to yield to defendant, to her right,

4                                          A-5176-16T1

pursuant to N.J.S.A. 39:4-90, and come to a full stop, because the traffic light was not operating. N.J.S.A. 39:4-81(b).

N.J.S.A. 39:4-90 provides in pertinent part:

> The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When 2 vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right . . . .

Plaintiff presented no evidence in opposition to defendant's summary judgment motion from which a reasonable juror could conclude she violated N.J.S.A. 39:4-90. The evidence on the summary judgment motion record established defendant's vehicle was the first vehicle to enter the intersection and thus had the right of way for that reason alone. But even if that were not so, the evidence on the motion record undisputedly establishes that plaintiff was the "driver of the vehicle on the left" and defendant was the "driver of the vehicle on the right." Thus, under N.J.S.A. 39:4-90, plaintiff was required to "yield the right of way" to defendant.

Plaintiff argues that her accident reconstruction expert provided an opinion in support of her motion for reconsideration as to causation, which created a genuine issue of material fact. We disagree. As aptly noted by Judge Hurd, "nowhere in the [expert's] report does he conclude that on the date of the

underlying incident that [plaintiff's] vehicle entered the intersection prior to the defendant . . . his conclusions are essentially theoretical . . . ."

Indisputably, defendant had a duty to make proper observations as she approached and entered the intersection. See Beck v. Washington, 149 N.J. Super. 569, 572 (App. Div. 1977). Plaintiff presented no evidence from which a jury could conclude defendant breached the duty to make reasonable observations. Nothing in the discovery plaintiff submitted established that defendant failed to make reasonable observations. As previously noted, the mere happening of an accident raises no presumption of negligence. Allendorf, 266 N.J. Super at 670.

Further, plaintiff failed to abide by N.J.S.A. 39:4-81(b) which provides:

> When, by reason of a power failure or other malfunction, a traffic control signal at an intersection is not illuminated, the driver of a vehicle or street car shall, with respect to that intersection, observe the requirement for a stop intersection, as provided in R.S. 39:4-144.
>
> [(Emphasis added).]

In pertinent part, N.J.S.A. 39:4-144(b) requires a driver to stop before entering an intersection and "yield the right of way

to all vehicles or traffic on the intersecting street which is so close as to constitute an immediate hazard."

We recognize that a violation of the statutory rules of the road is evidential, but not conclusive, on the issue of negligence. Eaton v. Eaton, 119 N.J. 628, 632 (1990). However, summary judgment is appropriate "when the evidence 'is so one-sided that one party must prevail as a matter of law.'" Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). That is so here, in view of the substantial evidence of plaintiff's negligence, and the dearth of evidence of defendant's negligence.

In short, "there is no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill, 142 N.J. at 539-40. The motion for reconsideration was appropriately denied because there was nothing presented as to what Judge Hurd "overlooked or as to which [he] erred." R. 4:49-2.

We affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION