**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1928-23

MILDRED A. GREEN,

    Plaintiff-Appellant,

v.

RICARDO A. ARBOLEDA
GUAPACHA and ALBA VIDAL,

    Defendants-Respondents.

_____

> Argued October 22, 2024 – Decided November 21, 2024
>
> Before Judges Smith and Vanek.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8001-20.
>
> David Maran argued the cause for appellant (Maran & Maran, PC, attorneys; David Maran, on the briefs).
>
> Hillary C. Kruger argued the cause for respondents (Law Offices of Frank A. Viscomi, attorneys; Hillary C. Kruger, on the brief).

PER CURIAM

In this personal injury case, plaintiff Mildred Green appeals from the January 22, 2024 trial court order granting summary judgment to defendants Arboleda Guapacha and Vidal. The trial court determined there were no genuinely disputed issues of material fact from which a reasonable jury could conclude defendant negligently operated his vehicle at the time of the intersectional collision in which plaintiff was injured. For the reasons that follow, we affirm.

The summary judgment motion record, construed in the light most favorable to plaintiff as required by Rule 4:46-2 and Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), discloses the following salient facts. On December 7, 2018, at around 4:00 p.m., Green and Arboleda Guapacha were operating motor vehicles on 1st Street in Newark, near the entrance to Route 280. It is undisputed that Arboleda Guapacha's vehicle was in the left lane of traffic and Green's vehicle was in the middle lane of the roadway. Green was initially stopped at a red light controlling her lane of traffic, located to Arboleda Guapacha's right.

The photographs of the intersection, along with the police report and deposition testimony, confirm that the only lane of traffic that was authorized to execute a left turn onto Route 280 was the lane that Arboleda Guapacha was

2

travelling in. The lane that Green was travelling in was designated by traffic markings on the roadway as a "straight only" lane. When the left-hand turn signal controlling only Arboleda Guapacha's lane of travel displayed green, he proceeded to make the left turn. Green disregarded the middle lane's red light along with the lane markings and began negotiating a left-hand turn. Plaintiff submitted an affidavit in opposition to defendants' summary judgment motion stating that both she and other drivers have made left-hand turns onto Route 280 from the middle lane due to traffic at the intersection, despite the traffic markings allowing her to only proceed straight.

The record shows plaintiff told the police that she was in the middle lane making a left turn onto Route 280 when Arboleda Guapacha's vehicle sped up and hit her vehicle, causing her to sustain damage to her driver side rear fender. At her deposition, Green testified that when executing the left-hand turn, Arboleda Guapacha's vehicle drifted over the dashed white lines into the right lane, striking her vehicle.

Green alleged that she sustained personal injuries as the result of the accident and filed suit against Arboleda Guapacha and the owner of the vehicle, Vidal. After discovery, Arboleda Guapacha and Vidal moved for summary judgment. On January 22, 2024, the trial court heard oral arguments

3

on Arboleda Guapacha and Vidal's summary judgment motion and granted the motion dismissing the complaint against both defendants with prejudice. In the court's oral statement of reasons it found there was no evidence in the record that Arboleda Guapacha failed to operate his vehicle in accordance with prevailing law. Absent any evidence of Arboleda Guapacha's negligence, the trial court granted defendants' summary judgment motion. Green's appeal followed.[1]

We begin our discussion with a review of the principles governing our analysis. We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019). Thus, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540; see R. 4:46-2. If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Ct.

---

[1] Although plaintiff appealed the entirety of the trial court order which granted summary judgment in favor of both defendants, Green confirmed at oral argument that the portion of the order granting summary judgment in favor of Vidal was not being appealed.

A-1928-23

Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

Green's allegations sound in negligence. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care[;] (2) a breach of that duty[;] (3) proximate cause[;] and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). The plaintiff must establish those elements "by some competent proof." Ibid. (quoting Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014)). The mere happening of an accident does not raise a presumption of negligence. Allendorf v. Kaiserman Enters., 266 N.J. Super 662, 670 (App. Div. 1993).

Here, the threshold question is whether Arboleda Guapacha owed a duty of care to Green. "The question of whether a duty exists is a question of law." Franco v. Fairleigh Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2021) (citing Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). "Any common law duty imposed by [a c]ourt must 'satisf[y] an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy.'" Est. of Narleski v. Gomes, 244 N.J. 199, 213 (2020) (second alteration in

5

original) (quoting <u>Hopkins v. Fox & Lazo Realtors</u>, 132 N.J. 426, 439 (1993)). For a court to impose a duty of care, "there must be a foreseeable risk of harm." <u>Franco</u>, 467 N.J. Super. at 26 (citing <u>J.S. v. R.T.H.</u>, 155 N.J. 330, 337 (1998)).

When determining whether one party owed a duty of care to another, foreseeability refers to

> the knowledge of the risk of injury to be apprehended. The risk reasonably to be perceived defines the duty to be obeyed; it is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise care.
>
> [<u>Clohesy v. Food Circus Supermarkets, Inc.</u>, 149 N.J. 496, 503 (1997) (quoting <u>Hill v. Yaskin</u>, 75 N.J. 139, 144 (1977) (quoting 57 Am. Jur. 2d Negligence § 58 (1970))).]

The parties do not dispute that Green's lane was controlled by a red light and a designation on the roadway that only a straight path of travel is permitted. Instead of obeying that traffic command, she negotiated a left-hand turn from the middle lane. Green elected to disregard the red light and the middle lane markings and drive her vehicle into a lane of travel she should not have occupied. Although both drivers had a duty to make proper observations, <u>see</u> <u>Beck v. Washington</u>, 149 N.J. Super. 569, 572 (App. Div. 1977), Green's

6

presence on the roadway next to Arboleda Guapacha's lane of travel at the time of impact was not reasonably foreseeable. We conclude on de novo review that Arboleda Guapacha owed no duty to Green.

For purposes of completeness, we address certain other arguments posited on appeal. The trial judge properly rejected Green's argument that she and other drivers have made a left-hand turn onto Route 280 from the middle lane, despite the traffic control device and in contravention of the roadway markings requiring a vehicle in the middle lane of travel to proceed straight. Only vehicles in the left most lane are permitted to turn left at that intersection. Even if other drivers have previously disregarded traffic laws at this intersection, such conduct by others does not exempt Green from the consequences of proceeding in contravention of designated traffic markings.

Green contends that Arboleda Guapacha could be found by a jury to be negligent since he failed to comply with N.J.S.A. 39:4-123(c), requiring that "after entering the intersection the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered." However, Green proffers no evidence that any such statutory violation by Arboleda Guapacha proximately caused the accident. Even if Arboleda Guapacha made

A-1928-23

an improper wide left turn or sped up as she made the turn, there is no evidence in the record that Green's vehicle would have been struck had she not been making a prohibited left-hand turn from the middle lane.

Arboleda Guapacha posits that plaintiff cannot recover damages from him because she violated N.J.S.A. 39:4-124, which states "[n]o driver shall fail to turn in the manner so directed when such direction signs are installed by [the] authorities."  We recognize that a violation of the statutory rules of the road is evidential, but not conclusive, on the issue of negligence.  Eaton v. Eaton, 119 N.J. 628, 642 (1990).  Thus, although it is undisputed that Green violated N.J.S.A. 39:4-124 by proceeding notwithstanding a red light and markings on the roadway requiring that she drive straight, our decision rests on negligence principles rather than a statutory violation.

Summary judgment is appropriate "when the evidence 'is so one-sided that one party must prevail as a matter of law . . . .'"  Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 259 (1986)).  Such is the case here, where there is substantial evidence of Green's negligence and a dearth of evidence of Arboleda Guapacha's negligence.  In short, "there is no genuine issue as to any material fact challenged and [] the moving party is

A-1928-23

entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill, 142 N.J. at 529.

To the extent we have not addressed any of Green's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                        A-1928-23